In the Interest of R—— V—— M——, a child.

No. 5511.

Court of Civil Appeals of Texas, Waco.

Dec. 4, 1975.

Stayton, Maloney, Hearne & Babb, William T. Hall, Austin, for appellant.

Jack F. Ritter, Jr., Austin, for appellee.

HALL, Justice.

This is a paternity suit coupled with an action for support for the illegitimate child.

The child in question was born on November 16, 1973. This suit was brought on behalf of the child by the natural mother to have the appellant adjudged to be the father, and to require him to support the child. After a trial without a jury, judgment was rendered declaring the appellant to be the natural father of the child; requiring him to contribute $50.00 per month to the support of the child; and awarding the mother $750.00 attorneys' fees. The appellant challenges only the order for child support and the allowance of attorneys' fees, asserting that at the time of trial and at the time of judgment neither award was permissible under the law of this State. We overrule these contentions and affirm the judgment.

At the time this suit was filed (on June 25, 1974), and heard (on February 19, 1975), and when the judgment in question was rendered (on May 23, 1975), the law of this State required the father of a legitimate child to support the child; but it did not require the father to support his illegitimate child. V.T.C.A., Family Code, §§ 4.02, 11.01, 13.05, 14.05. These statutes became effective January 1, 1974, per Acts 1973, 63rd Leg., p. 1411, ch. 543, §§ 1, 4.[1]

*Gomez v. Perez*, (Tex.Civ.App.—San Antonio, 1971, writ ref., n. r. e.) 466 S.W.2d 41, is virtually identical with our case, factually. There, as here, the mother of an illegitimate child brought an action against the asserted biological father of the child to have him declared to be the father and to require him to support the child. There, as here, the support action was defended on the ground that there was no statutory or common law basis for requiring him to support an illegitimate child. There, as here, the finding that the defendant was the father was not questioned on appeal. There, as here, the law of this State required a father to support his legitimate

child, but did not require him to support his illegitimate child. In that case, the appellate courts of Texas affirmed the trial court's ruling "that there was no cause of action in this State to impose civil liability on the part of [the father] to support such illegitimate child." This judgment was set aside by the U.S. Supreme Court in *Gomez v. Perez*, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973), as violative of the Equal Protection Clause of the 14th Amend., U.S. Const. The Court recognized that nowhere in the "elaborate statutory scheme" in Texas for child support by parents "does the State recognize any enforceable duty on the part of the biological father to support his illegitimate children" and that, "absent a statutory duty to support, the controlling law is the Texas common-law rule that illegitimate children, unlike legitimate children, have no legal right to support from their fathers." But the Court reiterated its ruling in *Levy v. Louisiana*, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968), and *Weber v. Aetna Casualty & Surety Co.*, 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972), that "a State may not invidiously discriminate against illegitimate children by denying them substantial benefits accorded children generally"; and held that "once a State posits a judicially enforceable right on behalf of children to needed support from their natural fathers there is no constitutionally sufficient justification for denying such an essential right to a child simply because its natural father has not married its mother."

■ This decision was made on January 17, 1973. 93 S.Ct. 872. It became the law of Texas at that time on the constitutional question involved. *Ex Parte Twedell*, 158 Tex. 214, 309 S.W.2d 834, 844 (1958); *McKinney v. Blankenship*, 154 Tex. 632, 282 S.W.2d 691, 694 (1955). When the Legisla-

---

1. See, also, *Lane v. Phillips*, 69 Tex. 240, 6 S.W. 610 (1887); *Home Of Holy Infancy v. Kaska*, (Tex.Sup., 1965) 397 S.W.2d 208, representing the case law upon which the statutory law was based. Effective September 1, 1975, Chapter 13 of the Family Code was broadly amended, by Acts 1975, 64th Leg., p. 1261, ch. 476, § 24. Provision is now made for paternity suits against the father of an illegitimate child and the creation of a parent-child relationship that requires him to support the child.

ture later provided judicial relief against the father on behalf of a legitimate child for support, it necessarily provided the same relief on behalf of an illegitimate child. Stated another way, having provided judicial recourse on behalf of a legitimate child against its father for support, the State may not now deny that same action on behalf of an illegitimate child.

 Under the terms of § 11.18 of the Family Code, reasonable attorneys' fees may be awarded in child support cases. This suit being legally permissible, the award of attorneys' fees was proper. Its reasonableness is not in question.

The judgment is affirmed.