Travis Lee **CATCHINGS, By and Through his mother and next friend, Linda Catchings, Appellant,**

v.

**Johnny Lee HAMM, a/k/a Johnny Lee, Appellee.**

**No. 5797.**

Court of Civil Appeals of Texas, Waco.

Dec. 15, 1977.

Robert C. Sohns, Jr., Houston, Stephen D. Smith, National Juvenile Law Center, St. Louis, Mo., for appellant.

Louis A. Crapitto, Jr., Houston, for appellee.

## OPINION

JAMES, Justice.

This is a suit brought by a mother in behalf of an illegitimate child to establish paternity therefor and for child support. Travis Lee Catchings is a male child who was born out of wedlock to Linda Catchings on February 15, 1973. On May 20, 1976, Plaintiff-Appellant Linda Catchings as mother and next friend of Travis Lee Catchings brought this suit alleging that Defendant-Appellee Johnny Lee Hamm is the natural father of said child and requested that the court order child support.

Defendant-Appellee Hamm filed an answer in which he specially pleaded that the action filed against him was barred by the statute of limitation as provided in Section 13.01 of the Texas Family Code. Thereafter, Defendant-Appellee filed a motion to dismiss Plaintiff-Appellant's cause of action on the ground that same was barred by the provisions of said Section 13.01.

After hearing on the Motion to Dismiss, the trial court dismissed Plaintiff-Appellant's paternity action for the stated reason that the action was barred by the statute of limitations as provided by Section 13.01 of the Texas Family Code, from which Plaintiff-Appellant Linda Catchings appeals.

Section 13.01 of the Texas Family Code, effective September 1, 1975, provides:

"A suit to establish the parent-child relationship between a child who is not the legitimate child of a man and the child's natural father by proof of paternity must be brought before the child is one year old, or the suit is barred."

Appellant attacks the trial court's order of dismissal, asserting that Section 13.01 is unconstitutional as a denial of due process and equal protection of the laws, insofar as illegitimate children are concerned.

However, we do not reach these questions of constitutionality of Section 13.01, which became effective September 1, 1975. This child was born February 15, 1973, before the effective date of Section 13.01.

The right of an illegitimate child to obtain support from its natural father has been recognized since the United States Supreme Court decision of *Gomez v. Perez* (1973) 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56. Also see *In the Interest of R–V–M, a child* (Waco CA 1975) 530 S.W.2d 921, no writ, for application of the *Gomez* holding.

The one-year limitation period prescribed by Section 13.01 could have no application to the case at bar unless such statute was retroactive in effect. It is a well-settled rule of law that a statute should not be given retroactive effect unless such construction is required by explicit language or by necessary construction. *Government Personnel Mutual Life Ins. Co. v. Wear* (1952) 151 Tex. 454, 251 S.W.2d 525, 529. Also see *Alvarado v. Gonzales* (Corpus Christi CA 1977) 552 S.W.2d 539, no writ, and the cases cited therein on p. 542. There is nothing in Section 13.01 that would cause such statute to be retroactive in effect.

Since Travis Lee Catchings, the child in the case at bar, was born prior to the effective date of Section 13.01, we are of the opinion and hold that said statute is inapplicable to the case at bar, and applies only to those suits to establish the paternity of illegitimate children born after September

1, 1975. *Alvarado v. Gonzales* (Corpus Christi CA 1977) 552 S.W.2d 539, no writ.

This being our view of the case, we are of the opinion that the trial court erred in dismissing the cause, and thereby reverse and remand the cause to the trial court for trial on the merits.

REVERSED AND REMANDED.