**STATE DEPARTMENT OF PUBLIC WELFARE, Appellant,**

v.

**Carl Anson MARTIN, Appellee.**

**No. 5063.**

Court of Civil Appeals of Texas, Eastland.

Jan. 12, 1978.

Robert N. Carter and David J. Adkins, State Department of Public Welfare, Abilene, Leland W. Greene, Dist. Atty., Snyder, for appellant.

Norman Arnett, Rotan, for appellee.

WALTER, Justice.

This is a summary judgment case. State Department of Public Welfare sought to establish paternity and support for an illegitimate child. The defendant, Carl Anson Martin, pleaded the one-year statute of limitations provided for in Texas Family Code, Section 13.01. The court sustained defendant's motion for a summary judgment. The State has appealed.

The State contends the limitation statute, Section 13.01 of the Texas Family Code, should not apply retroactively.

Section 13.01 requires suits to establish the parent-child relationship between a child who is not the legitimate child of a man and the child's natural father by proof of paternity must be brought before the child is one year old. This limitation statute became effective September 1, 1975.

The child, C.A.M.B., was born July 13, 1975. At the time this suit was filed, the child was one year, six months, and eighteen days old. This child was born prior to the effective date of the one-year limitation statute.

In *Alvarado v. Gonzales*, 552 S.W.2d 539 (Tex.Civ.App.–Corpus Christi 1977, no writ), the court said:

"We conclude that the Legislature intended Section 13.01 of the Texas Family Code, as amended and revised in 1975, to apply only to those suits to establish the paternity of illegitimate children born after September 1, 1975, the effective date of statute. We hold that the statute may not be applied retroactively. It does not bar appellant's action."

We are of the opinion *Alvarado v. Gonzales*, supra, supports the State's contention.

The judgment is reversed and remanded for trial on the merits.