**TEXAS DEPARTMENT OF HUMAN RESOURCES, Appellant,**

v.

**Edward Charles DELLEY, Appellee.**

**No. 19667.**

Court of Civil Appeals of Texas, Dallas.

April 30, 1979.

Rehearing Denied May 30, 1979.

Lewis F. Boyd, Texas Dept. of Human Resources, Child Support Enforcement Branch, Austin, for appellant.

Michael J. O'Neill, Adolph P. Canales, Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

AKIN, Justice.

This suit was brought to compel an alleged father to support an illegitimate child born before the enactment of Tex. Family Code Ann. §§ 13.01–13.09 (Vernon Supp. 1978–1979). The question is whether the action is barred by the four-year statute of limitations, Tex.Rev.Civ.Stat.Ann. art. 5529 (Vernon 1958), or whether the statute is tolled during the minority of the child by Tex.Rev.Civ.Stat.Ann. art. 5535 (Vernon Supp. 1978–1979). Appellant Texas Department of Human Resources[1] sued appellee Delley on behalf of a nine year old child whose mother received welfare assistance to establish that appellee was the biological father of the child. The mother assigned the child's right to receive child support to the Texas Department of Human Resources. Before suit was filed, appellee signed a sworn statement witnessed by two people acknowledging that he was the father of the child in question. In the paternity proceeding, however, appellee asserted that the State's suit was barred by the general four-year statute of limitations, Tex.Rev.Civ.Stat.Ann. art. 5529 (Vernon 1958). In a preliminary hearing, the trial court dismissed the State's suit with prejudice, holding that the State's cause of action was barred by the four-year statute of limitations since the child was born more than four years prior to the filing of this suit. We hold, however, that the four-year statute of limitations is tolled until the child attains majority. Tex.Rev.Civ.Stat.Ann. art. 5535 (Vernon Supp. 1978–1979). Accordingly, the judgment of the trial court is reversed and remanded.

■ Before discussing the merits of this case, we first overrule appellant's motion to dismiss for want of jurisdiction. The motion was filed in advance of oral argument, but we have chosen to consider it with the merits. Appellee argues that this court lacks jurisdiction because appellant failed to timely file a cost bond or an affidavit in lieu of a cost bond. Tex.R.Civ.P. 354–356. Appellee contends that the State of Texas is not a party in interest in this suit, and that Tex.Rev.Civ.Stat.Ann. art. 2276 (Vernon 1971), which exempts the State from filing a bond on appeal, does not apply. We cannot agree. Appellant's first amended petition recites that support rights for the child have assigned to the State under the mandate of Tex.Rev.Civ.Stat.Ann. art. 695c § 18–B(c) (Vernon Supp. 1978–1979), thus making the State a party in interest to this litigation. Since this is true, article 2276 is applicable, and no appeal bond is required. We turn now to appellant's points of error on the merits.

■ Appellant first asserts that the trial court erred in sustaining appellee's plea of limitations because Tex.Rev.Civ.Stat.Ann. art. 5517 (Vernon 1958) provides that the State shall not be barred by any statute of limitations. Although we agree that under article 5517 limitations may not run against the State, our question is whether the statute of limitations may be asserted against the State when the claim sued upon was over four years old before assignment to the State. The child here was born in 1968 and his right of support was not assigned to the Texas Department of Public Welfare until February 10, 1977.[2] Thus, more than four years had expired before the State Welfare Department obtained the assignment of the child's support rights. We hold that if more than four years have passed before an illegitimate child's support rights are assigned to the State, then the right to assert the statute of limitations has vested in the defendant, and he may assert the statute of limitations against the State. *Southern Pacific Transport Co. v. State,* 380 S.W.2d 123, 126 (Tex.Civ.App.—Houston 1964, writ ref'd). Here, the mere assignment of the claim from the mother to the State should not deprive the defendant of the statute of limitations defense. Accordingly, we overrule this point of error.

---

1. Formerly the Texas Department of Public Welfare.

2. There is no dispute here that the child is the primary party in interest. The State's right is a derivative right from the child to the extent that the State provides support for the child.

■ Appellant next argues that if the statute of limitations applies, it is tolled by the child's disability of minority. Before we address this point, a discussion of the right of an illegitimate child to maintain a paternity suit in Texas is necessary. The constitutional right to bring a paternity suit in Texas was first recognized in 1973 when the United States Supreme Court decided *Gomez v. Perez,* 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973). In *Gomez,* the Supreme Court held that Texas could not deny an illegitimate child the right to seek support from his natural father since the State had provided such a right to legitimate children. Prior to *Gomez,* Texas courts had held that a father had no legal duty to support his illegitimate child. *Home of the Holy Infancy v. Kaska,* 397 S.W.2d 208 (Tex.1965). Subsequent to *Gomez,* Texas enacted legislation establishing a framework for paternity proceedings. Tex. Family Code Ann. §§ 13.01–13.43 (Vernon Supp. 1978–1979). *See generally* Smith, Illegitimate Children And Their Fathers: Some Problems With Title 2, 5 Texas Tech L.Rev. 613 (1974); Comment, Paternity Statutes: Thwarting Equal Protection for Illegitimates, 32 Miami L. Rev. 339, 371 (1977); Comment, Texas Family Law and The Rights of Illegitimate Children, 13 Hous.L.Rev. 1062 (1976). *See also In the Interest of R.V.M.,* 530 S.W.2d 921 (Tex.Civ.App.—Waco 1975, no writ) (illegitimate child has common-law right of support from father). Neither side argued that the Family Code's one-year statute of limitations on paternity suits applied to this case, since the child here was born in 1968, which was prior to the effective date of this statute. Tex. Family Code Ann. § 13.01 (Vernon Supp. 1978–1979). *See generally Texas Department of Human Resources v. Chapman,* 570 S.W.2d 46 (Tex.Civ.App.—Dallas 1978, no writ) (one-year statute of limitations on paternity suits, section 13.01, held constitutional but application of tolling statutes not raised). We agree with the courts of civil appeals which have held that section 13.01 may not be applied retroactively; it only applies to children born after September 1, 1975, the effective date of that provision.

*State Department of Public Welfare v. Martin,* 562 S.W.2d 9 (Tex.Civ.App.—Eastland 1978, no writ); *Catchings v. Hamm,* 560 S.W.2d 194 (Tex.Civ.App.—Waco 1977, no writ); *Alvarado v. Gonzales,* 552 S.W.2d 539 (Tex.Civ.App.—Corpus Christi 1977 no writ).

■ The above Texas cases do not, however, address the question of whether the four-year statute of limitations applies to paternity suits on behalf of children born before September 1, 1975, such as the child in this suit. Tex.Rev.Civ.Stat.Ann. art. 5529 (Vernon 1958) provides: "Every action . . . for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward." Since no specific statute of limitations is designated for paternity suits concerning children born before September 1, 1975, article 5529 by its very language applies.

■ We turn now to appellant's next contention that the statute of limitations in article 5529 is tolled. Tex.Rev.Civ.Stat. Ann. art. 5535 (Vernon Supp. 1978–1979), which is the tolling statute for all actions under Title 91, subdivision 2, provides:

*If a person entitled to bring any action mentioned in this subdivision of this title be at the time the cause of action accrues either a minor . . . the time of such disability shall not be deemed a portion of the time limited for the commencement of the action and such person shall have the same time after the removal of his disability that it allowed to others by the provisions of this title.* [Emphasis added.]

Title 91 concerns "Limitations" and is divided into two subdivisions. The first addresses actions pertaining to real estate and the second concerns personal actions. Both article 5529 and article 5535 appear in the second subdivision of Title 91. Since article 5529 "All Other Actions Barred" is specifically mentioned in subdivision 2 of Title 91, we hold that article 5535 tolls the general four-year statute of limitations. Accord-

ingly, the trial judge erred in sustaining appellee's plea of limitations. *See generally* Smith, Commentary on Title 2, Texas Family Code Symposium Supplement, 8 Tex. Tech L.Rev. 19, 54–56 (1976).

■ In further support of our holding, we note that paternity suits are a prerequisite to child support for an illegitimate child. As a matter of public policy, we doubt that fathers of illegitimate children should be absolved from the duty of paying child support merely because a paternity suit has not been filed within four years of the birth of the child. We agree with the Washington Supreme Court which held that "[t]he state has a compelling interest in assuring that the primary obligation for support of illegitimate children falls on both natural parents rather than on the taxpayers of this state." *State v. Wood,* 89 Wash.2d 97, 569 P.2d 1148, 1151 (1977). In addition, tolling the four-year statute of limitations in this case is particularly appropriate since appellee voluntarily signed a statement of paternity before institution of this suit. In this respect, several jurisdictions have extended the limitations period for paternity and support suits if the father makes a written acknowledgment of paternity. *See* Okla.Stat.Ann. tit. 10, § 83 (West 1966) (if paternity acknowledged in writing, support obligation enforceable until child's majority); Idaho Code § 7–1107 (1979) (if paternity acknowledged in writing, then suit may be brought within five years of signing date); Ind.Code Ann. § 31–6–6–17 (Burns Supp.1978) (if paternity acknowledged in writing, then suit may be brought within two years of signing date); Uniform Parentage Act §§ 4, 6, 7 (West Supp.1976).

Our holding is also consistent with numerous cases from other jurisdictions which have addressed constitutional questions concerning statutes of limitation and paternity or support suits. *See generally Stringer v. Dudoich,* 92 N.M. 98, 583 P.2d 462 (1978) (two-year statute of limitations on paternity action held unconstitutional to the extent that it limited illegitimate child in seeking a determination of paternity and support); *Palmer v. Mangum,* 338 So.2d 1002 (Miss. 1976) (one-year statute of limitations on paternity suits applies only to the mother and not the child); *Huss v. DeMott,* 215 Kan. 450, 524 P.2d 743 (1974) (statute of limitations applicable to statutory paternity proceeding relates to mother's statutory action and does not limit time in which illegitimate child may bring non-statutory common law action); *Wiczynski v. Maher,* 48 Ohio App.2d 224, 356 N.E.2d 770 (1976) (child born out of wedlock has standing to bring action against alleged father for child support as the real party in interest); *Kaur v. Singh Chawla,* 11 Wash.App. 362, 522 P.2d 1198 (1974) (right of illegitimate child to assert claim for parental support is too fundamental to permit forfeiture by mother's failure to institute paternity suit within two-year statute of limitations); *Perez v. Singh,* 21 Cal.App.3d 870, 97 Cal.Rptr. 920 (1971) (statute of limitations in paternity suit is tolled during child's minority).

Reversed and remanded.