Rita Rochelle LEVESCY, Appellant,

v.

James F. CROCKER, Appellee.

No. 19979.

Court of Civil Appeals of Texas, Dallas.

June 27, 1979.

Rehearing Denied Aug. 7, 1979.

Warren Hays, Law Offices of Jack Napier, Dallas, for appellant.

Toby L. Gerber, Berman, Fichtner & Mitchell, Dallas, for appellee.

Before ROBERTSON, CARVER and STOREY, JJ.

CARVER, Justice.

Rita Levescy appeals from a judgment dismissing a paternity suit, filed by her on behalf of her minor son against James Crocker. The trial court held that the suit was barred by Tex.Fam.Code Ann. § 13.01 (Vernon Supp.1978–1979) which provides that a suit to establish paternity must be brought before the child is one year old. We conclude the suit was not barred, as section 13.01 cannot be applied retroactively, and reverse and remand.

The minor child was born out of wedlock on September 5, 1974. Section 13.01 did not become effective until September 1, 1975. This proceeding was filed on June 29, 1978. We must conclude from the trial court's judgment, as well as the findings of fact and conclusions of law filed upon request of appellant, that the trial court deemed section 13.01 to apply retroactively to children born prior to September 1, 1975 with the same force as it applied prospectively to children born after that date.

The trial court's order of dismissal is erroneous and requires reversal under this court's opinion in *Texas Department of Human Resources v. Delley*, 581 So.2d 519 (Tex.Civ.App.—Dallas 1979, writ ref'd n. r. e.), in which it was held that section 13.01 applies only to children born after September 1, 1975, the effective date of that provision.

In *Delley*, the court held that the proper statute of limitations applying to causes for determining paternity for children born prior to September 1, 1975 was the general four-year statute of limitations applicable to all causes of action of which a specific limitation was not otherwise applied by statute. Tex.Rev.Civ.Stat.Ann. art. 5535 (Vernon Supp.1978–1979). Further, in *Delley*, the court held that children born prior to September 1, 1975, and subject to the four-year statute, would have the benefit of tolling statutes so long as the child was under the disability of minority. Tex.Rev. Civ.Stat.Ann. art. 5535 (Vernon Supp.1978–1979). We hold that the opinion in *Delley* controls the disposition of this appeal. *See also State Department of Public Welfare v. Martin*, 562 S.W.2d 9 (Tex.Civ. App.—Eastland 1978, no writ); *Catchings v. Hamm*, 560 S.W.2d 194 (Tex.Civ.App.— Waco 1977, no writ); *Alvarado v. Gonzales*, 552 S.W.2d 539 (Tex.Civ.App.—Corpus Christi 1977, no writ).

Reversed and remanded.