**Ananias PREJEAN, Appellant,**

v.

**Earnestine Tucker PREJEAN, Appellee.**

**No. 8390.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 13, 1979.

Frank A. Adams, Beaumont, for appellant.

Rex Woodard, Beaumont, for appellee.

KEITH, Justice.

Defendant below appeals from a judgment adjudicating him to be the father of a nine-year-old son and ordering him to contribute $150 monthly toward the child's support. We affirm.

The mother of the boy filed a suit seeking a divorce from appellant claiming she was his common law wife; but, upon the hearing, such relief was denied and no complaint is made of this action of the trial court. She had an alternative count in her pleading seeking to legitimate the boy she claimed was conceived by appellant. No complaint is made of the sufficiency of the evidence to support the trial court's finding that appellant was, indeed, the biological father of the boy.

Two points are brought forward, the first contending that the trial court erred in failing to apply the usual four-year statute

of limitations, *Tex.Rev.Civ.Stat.Ann. art. 5529 (1958)*.[1] The second claims error in refusing to apply the doctrine of laches or stale demand to the mother's belated claim of paternity.[2]

Appellant did plead *Tex.Family Code Ann. § 13.01 (Supp.1978–79)*, in bar to the action.[3] However, counsel for the parties are in agreement that the 1975 statute (*§ 13.01*) is not retroactive and is not applicable to the case at bar. We agree. *Catchings v. Hamm*, 560 S.W.2d 194 (Tex.Civ. App.—Waco 1977, no writ); *Alvarado v. Gonzales*, 552 S.W.2d 539 (Tex.Civ.App.— Corpus Christi 1977, no writ). See also, Solender, "Family Law: Parent and Child, Annual Survey of Texas Law", *33 Sw.L.J. 155, 161 (1979)*.

The only Texas case brought to our attention by counsel dealing with the limitation question is *Texas Department of Human Resources v. Delley*, 581 S.W.2d 519, 521 (Tex.Civ.App.—Dallas 1979, writ ref'd n. r. e.), wherein that court followed *Catchings* and *Alvarado*, supra. More importantly, however, Justice Akin in the scholarly opinion found that the four-year statute (*Art. 5529, fn. 1*) was applicable to such legitimation proceedings but was tolled by the provisions of *Tex.Rev.Civ.Stat.Ann. art. 5535 (Supp.1978–79)*.[4] This result was reached on the theory that the right of the minor to be legitimated was of paramount importance so that the plaintiff in that case had derivative rights only and the tolling statute protecting the minor's rights also protected the rights of the state suing in his behalf.

We are in complete agreement with the rationale of *Delley* and now hold that it is dispositive of the first point brought forward by the appellant. The father of an illegitimate child should not be permitted to avoid supporting the flesh of his body simply because the mother failed to file the suit within four years after the birth of the child. Point one is overruled.

Nor are we persuaded by appellant's argument that the doctrine of laches should permit him to avoid his duty of support of this child. In addition to the lack of pleading noted earlier, we point to the fact that appellant has not shown any facts which would authorize the application of the doctrine to this case. "[T]he plea of laches is not controlled by mere passage of time and always presents a question of fact." *Turner v. Hunt*, 131 Tex. 492, 116 S.W.2d 688, 691, 117 A.L.R. 1066 (1938). No factual showing was made of any right to interpose such a defense and the trial court specifically found against appellant on the point. No error has been shown and the second point of error is overruled.

The judgment of the trial court is AFFIRMED.

1. *Art. 5529*: "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

2. We pause to note that appellant did not plead either defense as required by *Tex.R.Civ.P. 94*, but there is an abundance of evidence that the issues were tried by consent; hence, we overlook the inadequacy in the formal pleading.

3. *Sec. 13.01*: "A suit to establish the parent-child relationship between a child who is not the legitimate child of a man and the child's natural father by proof of paternity must be brought before the child is one year old, or the suit is barred."

4. *Art. 5535*: "If a person entitled to bring any action mentioned in this subdivision of this title be at the time the cause of action accrues either a minor, a married person under twenty-one years of age, a person imprisoned or a person of unsound mind, the time of such disability shall not be deemed a portion of the time limited for the commencement of the action and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title."