Kenneth Ray WILLIAMS, by and through Sheila Ann O'Connor and George M. Mood, as Guardians Ad Litem, Appellant,

v.

Kenneth Ray LUCKEY, Appellee.

No. 20234.

Court of Civil Appeals of Texas, Dallas.

March 26, 1980.

Rehearing Denied April 29, 1980.

Sheila O'Connor, George M. Mood, Dallas Legal Services Foundation, Inc., Dallas, for appellant.

Mike Aranson, Dallas, for appellee.

Before ROBERTSON, CARVER and HUMPHREYS, JJ.

ROBERTSON, Justice.

■ Kenneth Ray Williams appeals from the trial court's action in holding that his cause of action to establish paternity was barred by the statute of limitations, Tex.Fam.Code Ann. 13.01 (Vernon Supp. 1980), and in dismissing the suit.[1] We hold that section 13.01 is not subject to any tolling provisions and that it is not unconstitutional as a denial to illegitimate children of equal protection or due process. Accordingly, we affirm.

Kenneth Ray Williams was born on August 21, 1977, and this suit was filed on October 25, 1978. Section 13.01 of the Texas Family Code reads as follows:

> A suit to establish the parent-child relationship between a child who is not the legitimate child of a man and the child's natural father by proof of paternity must be brought before the child is one year old, or the suit is barred.

Appellant contends that this section is subject to the same tolling provisions as all other Texas statutes, see Tex.Rev.Civ.Stat. Ann. art. 5535 (Vernon Supp.1980),[2] and therefore, that an action to establish paternity brought in a child's right is tolled during its minority. Appellee counters that the language of article 5535 is self-limiting and does not apply to section 13.01 of the Texas Family Code.

We agree with appellee. The language of article 5535 specifically limits its effect to "any action mentioned in this subdivision of this title," and since the Texas Family Code is not in that subdivision, the tolling provisions do not apply to it. Further, no provisions exist within the Texas Family Code for tolling section 13.01. *Cf. Texas Department of Human Resources v. Delley*, 581 S.W.2d 519, 521 (Tex.Civ.App.—Dallas 1979, no writ) (four year limitation, Tex. Rev.Civ.Stat.Ann. art. 5529 (Vernon 1958), on paternity suits concerning children born prior to enactment of section 13.01, tolled by general disability statute, *id.* art. 5535 (Vernon Supp.1980)).

■ Further, principles of statutory construction would favor our holding that section 13.01 is not tolled. The dominant consideration in determining the meaning of a statute is the intent of the legislature in enacting the provision. The language of the statute itself is the primary evidence of intent. *Jones v. Del Andersen & Associates*, 539 S.W.2d 348, 350 (Tex.1976). The language in section 13.01 evidences an intent that this limitation apply to any suit to prove paternity regardless of who brings it. Moreover, we must presume that the legislature was aware of the scope of existing tolling provisions at the time that it enacted section 13.01, and understood that no such provisions would apply to it. *Allen Sales & Servicenter, Inc. v. Ryan*, 525 S.W.2d 863, 866 (Tex.1975). While we may not agree with the policy considerations given effect in certain statutes, our function is not to question the wisdom of the legislative enactment, but, absent constitutional infirmities, to apply the statute as written. *Jones v. Del Andersen & Associates*, 539 S.W.2d at 351. Accordingly, we hold that section 13.01 is not tolled as to appellant's cause of action to establish paternity.

■ Appellant next contends that the trial court erred in failing to find that illegitimate children have a nonstatutory right to support in Texas. Appellant apparently requested this finding in an attempt to establish a cause of action to which section 13.01 would not apply. Regardless of how the

---

1. This was originally a suit to establish paternity and liability for support instituted by the Texas Department of Human Resources under an assignment of support rights executed by Williams' mother. The child intervened by and through his guardians ad litem and is the only party appealing the trial court's judgment.

2. This article provides as follows:
   If a person entitled to bring any action mentioned in this subdivision of this title be at the time the cause of action accrues either a *minor*, a married person under twenty-one years of age, a person imprisoned or a person of unsound mind, the time of such disability shall not be deemed a portion of the time limited for the commencement of the action and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title. [Emphasis added].

trial court ruled on this request, however, section 13.01 barred appellant's suit for paternity, which was a necessary prerequisite to his action for support against appellee. Thus, any error which may have occurred in the trial court's failure to find as appellant requested was harmless.

Finally, appellant challenges section 13.01 as being unconstitutional because it denies illegitimate children equal protection and due process. Appellant recognizes that this court has previously found section 13.01 to be constitutional in the face of these same challenges. *See Texas Department of Human Resources v. Chapman*, 570 S.W.2d 46 (Tex.Civ.App.—Dallas 1978, writ ref'd n. r. e.). Nevertheless, he requests that we consider our holding therein, and overrule it or limit its application to suits brought by someone other than the child. While the paternity suit in *Chapman* was instituted under an assignment of right from the mother, the opinion did not turn on who brought the suit; rather, the analysis was based on whether the illegitimate child's constitutional rights had been violated. That is precisely the question before us in this action. Appellant has urged no arguments not presented to us by the parties in *Chapman*, and has cited no new authority which persuades us that our prior decision was erroneous. Based on the fact situation presently before us, as well as that before us in *Chapman*, we are compelled to hold that section 13.01 does not deny illegitimate children equal protection or due process of the law.

Accordingly, we affirm the trial court's judgment.