In the Interest of Rolando Javier RENTERIA, Jr. and Laura Renteria, Children.

No. 1828.

Court of Appeals of Texas, Corpus Christi.

Oct. 30, 1981.

John King, McAllen, for appellant.

Lewis F. Boyd, Administrator, Texas Dept. of Human Resources, Austin, for appellee.

Before NYE, C. J., and YOUNG and GONZALEZ, JJ.

## OPINION

YOUNG, Justice.

In this paternity case, the trial court entered a final decree naming appellant, Rolando J. Renteria, the biological father of Rolando J. Renteria, Jr. The trial court theretofore overruled appellant's motion for summary judgment based on the statute of limitations, Tex.Rev.Civ.Stat.Ann., art. 5529 (1958), because it found the period of limitations was tolled by the minority of the child under Tex.Rev.Civ.Stat.Ann., art. 5535 (Supp.1980). Thereafter, a trial was held in which the appellant announced he would not oppose the allegations made by the appellee, Felicitas Luna, mother of the child, and the court entered a final decree of paternity. Mr. Renteria filed a notice of limitation restricting his appeal to the trial court's decision overruling his motion for summary judgment. We affirm.

The only significant facts pertinent to this appeal are Renteria, Jr., was born to Felicitas Luna on January 24, 1974, in McAllen, Texas.

At the outset, the posture of the case in this Court is unusual. Appellant asks this Court to issue an opinion concerning the trial court's decision overruling his motion for summary judgment when there had been a subsequent trial and an entry of final judgment in the case. The action of the trial court in overruling a motion for summary judgment in a case where a final judgment has been rendered after a trial on the merits ordinarily is not a matter for consideration on appeal. *Ackermann v. Vordenbaum*, 403 S.W.2d 362 (Tex.1966); *Castilleja v. Camero*, 402 S.W.2d 265 (Tex. Civ.App.—Corpus Christi 1966), aff'd, 414 S.W.2d 424 (Tex.1967).

Nevertheless, we will consider appellant's two points of error that he has brought forward. In his first point of error, appellant contends that the trial court erred in tolling the statute of limitations because the suit was brought by the mother in her individual capacity. He argues that the statute of limitations should only be tolled if the suit is clearly brought on behalf of the child and points out that the appellee's petition lacks a statement that she is suing as next friend or in a representative capacity.

The child is the primary party in interest in suits to establish the parent-child relationship. *Texas Department of Human Resources v. Delley*, 581 S.W.2d 519 (Tex. Civ.App.—Dallas 1979, writ ref'd n. r. e.). We disagree, therefore, with the suggestion that the mother brought this action other than in a representative capacity. It is clear that the suit was brought to establish the right of the child and that any statute affecting the minor plaintiff was applicable, including Tex.Rev.Civ.Stat.Ann., art. 5535 (Supp.1980). See *Texas Dept. of Human Resources v. Delley*, supra. Moreover, the appellant failed to complain of any defect in appellee's pleadings at the trial level; thus, he has waived his objection. Rule 90, T.R.C.P. Accordingly, there is no merit in his first point of error.

In his second point of error, appellant complains that the appellee should not have the benefit of the tolling statute because the appellee failed to plead it. In the original petition, the appellee did plead the age of the child, which established that appellee was entitled to rely on the tolling statute. This was all that was required to controvert the statute of limitations plea.

*Bush v. Stone,* 500 S.W.2d 885, 889 (Tex.Civ. App.—Corpus Christi 1973, writ ref'd n. r. e.). In addition, in Paragraph II of her original answer to respondent's motion for summary judgment, appellee specifically claimed: "Any applicable statute of limitations including Article 5529 should be tolled during their (his) minority as provided in Article 5535, Texas Revised Civil Statutes." On the basis of this statement and the allegation of the child's minority, it is apparent that the appellee did not waive any benefits under the tolling statute by failing to plead it. Therefore, appellant does not prevail on his second point of error.

The judgment of the trial court is affirmed.

NYE, Chief Justice, concurring.

I concur in the result only.

The appellant filed a motion for summary judgment. This motion was overruled by the trial court in a preliminary hearing. After this ruling, defendant admitted all other facts in controversy. Thereafter, a final judgment was rendered, from which the appellant limits his appeal.

The appellant's limited appeal is directed solely to the trial court's action in overruling his motion for summary judgment. It is well settled that an appeal may not be taken from the denial of a summary judgment. See *Novak v. Stevens,* 596 S.W.2d 848 (Tex.1980). The record also lacks a statement of facts. Therefore, there is nothing for this Court to consider from appellant's points of error.

The judgment of the trial court must be affirmed.