Verna Lee PERRY, Appellant,

v.

John Drake MERRITTE, Appellee.

No. C3026.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 24, 1982.

Carnegie H. Mims, Jr., Jefferson, Sherman & Mims, Houston, for appellant.

Ramona John, Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MORSE, Justice.

This is an appeal from a judgment of the trial court, wherein the court granted appellee's Motion for Summary Judgment, which was based on the assertion that the action to establish paternity and for support of an illegitimate child was barred by the four-year limitation statute, Tex.Rev.Civ. Stat.Ann. art. 5529 (Vernon 1958). The issue is whether that four-year statute of limitations is tolled during the minority of the child by Tex.Rev.Civ.Stat.Ann. art. 5535 (Vernon Supp. 1982–1983).

Appellant, Verna Lee Perry, filed this action on behalf of her natural daughter, Danielle Armetra Jackson, to establish that appellee, John Drake Merritte, is the father of the child and to obtain child support from him. The child was born July 12, 1975. Appellant did not file this action until November 8, 1979, over four years from the child's date of birth. Appellee pled both "Texas Family Code Title 2, Section 13.01" and the general four-year statute of limitations under Art. 5529 in bar of the action, but moved for summary judgment only on the latter basis.[1] The trial court sustained the motion and dismissed the action. Verna Lee Perry has duly perfected an appeal from that judgment to this Court.

Appellant comes before this court with two points of error. In her first point of error, appellant contends that the trial court erred in granting appellee's Motion for Summary Judgment because only the four-year limitation statute, Tex.Rev.Civ. Stat.Ann. art. 5529 (Vernon 1958), (and not § 13.01—as originally passed or as amended in 1981) is applicable in this case and is tolled during the minority of the child

1. Section 13.01 (effective September 1, 1975) provided: "A suit to establish the parent-child relationship between a child who is not the legitimate child of a man and the child's natural father by proof of paternity must be brought before the child is one year old, or the suit is barred." This section was amended (effective September 1, 1981) to substitute "four years" for "one year."

by Tex.Rev.Civ.Stat.Ann. art. 5535. We agree.

Appellant's second point of error is that the trial court erred in granting appellee's Motion for Summary Judgment, because the four-year limitation statute, as the trial court applied it, deprives the child of equal protection of the law as guaranteed under Tex.Const. art. I, § 19, and U.S.Const. Amend., 14. Because we are sustaining appellant's first point of error it is not necessary to discuss the merits of the second point of error.

■ With regard to her first point of error, we agree with appellant that the four-year limitations statute applies in this case and is tolled during the minority of the child by the tolling provisions of art. 5535.[2] The child which is the subject of this action was born on July 12, 1975. Section 13.01 of the Family Code became effective on September 1, 1975 and established a statutory procedure for involuntary paternity actions in lieu of the common law remedy which was found in *Gomez v. Perez,* 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973), to be the constitutional entitlement of illegitimate children, as well as of legitimate children as previously recognized. However, § 13.01 of the Family Code is inapplicable in this case, because it is not applied retroactively. Therefore, § 13.01 applies only to those suits to establish paternity of children born out of wedlock after September 1, 1975, the effective date of the statute. *Alvarado v. Gonzales,* 552 S.W.2d 539 (Tex.Civ.App.— Corpus Christi 1977, no writ); *Catchings v. Hamm,* 560 S.W.2d 194 (Tex.Civ.App.—Waco 1977, no writ); *State Dept. of Public Welfare v. Martin,* 562 S.W.2d 9 (Tex. Civ.App.—Eastland 1978, no writ); *Prejean v. Prejean,* 592 S.W.2d 660 (Tex.Civ.App. —Beaumont 1979, no writ).

Originally § 13.01 required paternity suits to be filed before the child reached one year of age. After that short time limit was held unconstitutional by *In Re Miller,* 605 S.W.2d 332 (Tex.Civ.App.—Fort Worth 1980), *aff'd,* 631 S.W.2d 730 (Tex.1982), the Texas Act was amended effective September 1, 1981, to allow suit to be brought until age four years, but not thereafter. Under the reasoning of *Alvarado v. Gonzales, supra,* the statute as amended is also inapplicable herein, the amending act not having been expressly effective retroactively.

In *Texas Dept. of Human Resources v. Delley,* 581 S.W.2d 519 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.) the Court of Civil Appeals agreed and also held that the general four-year limitations statute under Art. 5529 was applicable to such a paternity suit on behalf of an illegitimate child, but was tolled during the minority of the child by Art. 5535. Appellee in his brief attempts to distinguish the *Delley* case from the present case, in that in the former case the father admitted paternity of the child and in the latter the father is denying paternity of the child. This distinction does not alter the outcome of this suit because establishment of paternity by judgment in a suit is a prerequisite to obtaining child support for an illegitimate child. In the *Delley* case the matter of establishing paternity of the child before child support could be sought was merely hastened by the father's admission that he was in fact the father of the child; regardless of how proved, the suit was required to be filed in order to obtain a paternity adjudication and was held not barred.

The appellee argues that it would be illogical and a violation of the Equal Protection Clause of the 14th Amendment to the United States Constitution to toll during minority the four-year limitations statute as to common law paternity actions, but not

2. Art. 5529: "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

Art. 5535: "If a person entitled to bring any action mentioned in this subdivision of this title be at the time the cause of action accrues either a minor, a married person under twenty-one years of age, a person imprisoned or of unsound mind, the time of such disability shall not be deemed a portion of the time limited for the commencement of the action and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title."

**498**

toll the operation of § 13.01 as to statutory actions of minors born after September 1, 1975. Compare *Texas Dept. of Human Resources v. Hernandez,* 595 S.W.2d 189 (Tex. Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). The intention of the legislature in passing § 13.01 in 1975 or amending it in 1981 cannot affect the interpretation of an earlier tolling statute which was not amended. Such argument goes to the advisability of amending Art. 5535 rather than to its intended construction.

The fact that in the present case the father has denied paternity does not make the holding of the *Delley* case any less applicable to the present case. The issue here is whether the action to establish paternity and for child support may be maintained by appellant at this time. We find that the law is clear that Section 13.01 of the Family Code does not control in this case, because the child was born prior to the effective date of the statute and the statute is not applied retroactively. We find that the four-year limitations statute applies to this case and is tolled during the minority of the child by Tex.Rev.Civ.Stat.Ann. art. 5535 (Vernon Supp.1982–1983). Because of the outcome of this issue we need not reach the constitutional issues raised in appellant's second point of error.

This being our view of the case, we are of the opinion that the trial court erred in dismissing the cause, and thereby reverse and remand the cause to the trial court for trial on the merits.

REVERSED AND REMANDED.