In the Interest of Elroy A. SICKO.

No. 13–94–083–CV.

Court of Appeals of Texas,
Corpus Christi.

May 18, 1995.

Bret W. Davis, San Antonio, for appellant.

Armond G. Schwartz, Schwartz & Schwartz, Hallettsville, for appellee.

Before SEERDEN, C.J., and YAÑEZ and CHAVEZ, JJ.

## OPINION

YAÑEZ, Justice.

This is a paternity action brought by appellant, Elroy Sicko. Appellant appeals a summary judgment order granted in favor of appellee, Emmett Wolfsdorff. Appellee based his claim for summary judgment on the assertion that an action to establish paternity must be brought within a four year statute of limitations. Appellant raises two points of error to challenge the summary judgment. Appellant argues that there is no reasonable statute of limitations applicable to his situation or that if there is one, it violates his equal protection rights. Lastly, appellant contends that the trial court erred by not filing findings of fact and conclusions of law. We affirm the trial court's judgment.

Appellant was born May 21, 1936. Appellant did not bring this suit until August 12, 1993. Appellant learned the possible identity of his father in May, 1987. That same month appellant confronted appellee with the information. Appellee contends that he denied paternity completely while appellant claims that appellee responded by saying, "might be, let old dogs lie." Appellant concedes that he brings this suit merely to determine the identity of his biological father.

Defendants are entitled to a summary judgment if they conclusively establish as a matter of law all elements of an affirmative defense such as the statute of limitations. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); *Wyatt v. McGregor,* 855 S.W.2d 5, 15 (Tex.App.—Corpus Christi 1993, writ denied) (opinion on reh'g). We initially observe that both parties agree that § 13.01 of the Texas Family Code does not apply to this case. As enacted in 1975, Chapter 13 of the Family Code provided that an illegitimate child could institute a paternity action only before the child was one year old or the suit was barred. Act of June 2, 1975, 64th Leg.R.S., ch. 476, § 24, 1975 Tex.Gen.Laws 1261–62, *amended by* Act of June 1, 1981, 67th Leg.R.S., ch. 674, § 2, 1981 Tex.Gen.Laws 2537 and Act of May 24, 1983, 68th Leg.R.S., ch. 744, § 1, 1983 Tex. Gen.Laws 4530–1. This provision, however, has been held inapplicable to a child, like

appellant, born prior to its effective date of September 1, 1975. *Perry v. Merritte,* 643 S.W.2d 496, 497 (Tex.App.—Houston [14th Dist.] 1982, no writ); *Alvarado v. Gonzales,* 552 S.W.2d 539, 543 (Tex.Civ.App.—Corpus Christi 1977, no writ). In 1983, § 13.01(a) was amended to extend the limitations period to two years after a child becomes an adult. Act of May 24, 1983, 68th Leg.R.S., ch. 744, § 1, 1983 Tex.Gen.Laws 4531 (codified at TEX.FAM.CODE ANN. § 13.01(a) (Vernon Supp. 1995)). In 1983, however, appellant was forty-seven years old and unable to utilize the provision in subsection (a). Another amendment was passed in 1989 to add subsection (b) to § 13.01. Act of June 14, 1989, 71st Leg.R.S., ch. 375, § 9, 1989 Tex.Gen.Laws 1479. Subsection (b) provides that

> [t]he children to whom this section applies include children for whom a paternity action was brought but dismissed because a statute of limitations of less than eighteen years was in effect.

TEX.FAM.CODE ANN. § 13.01(b) (Vernon Supp. 1995). This subsection also fails to apply to appellant because he did not file a paternity action which was dismissed prior to the subsection's enactment. Thus, no specific provision in the Family Code applies to appellant's right to bring a paternity action.

■ Notwithstanding the Family Code's inapplicability, for children born before September 1, 1975, a four year statute of limitations has been held to apply under the residual limitations period. TEX.REV.CIV.STAT. ANN. art. 5529 (Vernon 1958) (current version at TEX.CIV.PRAC. & REM.CODE ANN. § 16.051 (Vernon 1986)); *Texas Dep't of Human Resources v. Delley,* 581 S.W.2d 519, 521 (Tex. Civ.App.—Dallas 1979, writ ref'd n.r.e.). The current residual limitations statute provides that

> [e]very action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues.

TEX.CIV.PRAC. & REM.CODE ANN. § 16.051 (Vernon 1986). While this general limitations period applies to paternity suits, the limitation is tolled during the minority of the child. TEX.REV.CIV.STAT.ANN. art. 5535 (Ver-

non 1958) (current version at TEX.CIV.PRAC. & REM.CODE ANN. § 16.001 (Vernon 1986)); *Perry,* 643 S.W.2d at 497; *Delley,* 581 S.W.2d at 521. Thus, appellant's right to file a paternity suit ended on May 21, 1961, several years before his right to file an involuntary paternity suit was recognized. At the time of filing this suit, appellant was fifty-seven years old, and therefore, barred from filing suit by the residual limitations period. Even if we were to toll the four year residual limitations period until appellant learned the possible identity of his biological father, appellant would still be barred from bringing this action; appellant filed his paternity suit six years after he discovered the possible identity of his father. *See Burns v. Thomas,* 786 S.W.2d 266, 267 (Tex.1990) (under discovery rule, statute of limitations does not begin to run until claimant discovers facts establishing a cause of action); *but cf.* TEX.FAM. CODE ANN. § 13.01 (Vernon 1986 & Supp. 1995) (limitations period on paternity action generally begins to run at birth); *Perry,* 643 S.W.2d at 496; *Delley,* 581 S.W.2d at 520.

■ Appellant contends that completely barring his paternity action is fundamentally unjust and violates his rights to equal protection of the law because it unfairly discriminates against illegitimate children. At the outset we recognize that there is no vested right to legitimacy. *W.K. v. M.H.K.,* 719 S.W.2d 232, 236 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). The constitutional right in Texas to bring a paternity suit was first recognized by the United States Supreme Court in 1973. *Gomez v. Perez,* 409 U.S. 535, 538, 93 S.Ct. 872, 875, 35 L.Ed.2d 56 (1973). The Supreme Court found that under the Fourteenth Amendment's guarantee of equal protection, a state may not inviduously discriminate against illegitimate children by denying them substantial benefits accorded children generally. *Id.* As outlined above, however, Texas courts in 1979 applied a four year statute of limitations to paternity suits brought by children born before September 1, 1979. In 1979, appellant was forty-three years old and again barred by limitations in bringing suit.

■ Appellant argues, therefore, that his absolute limitation in bringing suit is uncon-

stitutional because it denies him a substantial right accorded to legitimate children. Appellant asserts that the statutory classification created by his limitation leads to a total statutory disinheritance, from the paternal estate, of children born out of wedlock who are not later legitimized. Appellant contends that legitimate children are provided inheritance rights while illegitimate children are not. Appellant cites *Dickson v. Simpson*, 807 S.W.2d 726 (Tex.1991), as supporting his position. We find appellant's argument inapplicable to his circumstance and *Dickson* distinguishable from the facts of this case.

■ In *Dickson*, an illegitimate child sought standing to establish paternal inheritance rights, a substantial benefit accorded to children generally. The child in *Dickson* was completely barred from establishing paternal heirship due to her illegitimate status. The *Dickson* court held that when a claimant never has the opportunity to bring a paternity suit to establish heirship because of strict statutory limitations, then that statutory framework violates the Fourteenth Amendment of the U.S. Constitution. *Dickson*, 807 S.W.2d at 727; *see also Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977). Here, appellant is not seeking to establish paternal heirship, support or any other substantial benefit accorded to children generally. *Cf. Mills v. Habluetzel*, 456 U.S. 91, 94, 102 S.Ct. 1549, 1552, 71 L.Ed.2d 770 (1982) (child support); *Lalli v. Lalli*, 439 U.S. 259, 261, 99 S.Ct. 518, 521, 58 L.Ed.2d 503 (1978) (inheritance right); *Trimble*, 430

U.S. at 763, 97 S.Ct. at 1461 (inheritance right); *Mathews v. Lucas*, 427 U.S. 495, 497, 96 S.Ct. 2755, 2758, 49 L.Ed.2d 651 (1976) (Social Security benefits); *Gomez*, 409 U.S. at 535 (child support). Moreover, the statutory framework found to be unconstitutional in *Dickson* has been amended to remedy the equal protection violation found against illegitimate children.[1] The Probate Code now permits illegitimate children the opportunity to petition the probate court for a determination of a right to inheritance without regard to a paternity determination under the Family Code or voluntary legitimization by the father. Act of June 17, 1987, 70th Leg.R.S., ch. 464, § 1, 1987 Tex.Gen.Laws 4086 (codified at Tex.Prob.Code Ann. § 42(b)(1) (Vernon Supp.1995)). Barring appellant's paternity suit does not automatically nor totally disinherit appellant from paternal inheritance; the bar does not violate appellant's equal protection right to substantial benefits accorded children generally.

■ Appellant directs us to no other circumstance where he or any illegitimate child is discriminated against. Because appellant has failed to show any impermissible statutory classification that discriminates against him as an illegitimate child, or that he has been denied any substantial benefit accorded to children generally, no equal protection violation is shown. *See Trimble*, 430 U.S. at 767, 97 S.Ct. at 1463; *Mathews*, 427 U.S. at 503, 96 S.Ct. at 2761; *Gomez*, 409 U.S. at 536–37, 93 S.Ct. at 874.[2]

---

1. We are mindful, however, that statutes in force at the time of death govern the disposition of the decedent's estate. *Davis v. Jones*, 626 S.W.2d 303, 305 (Tex.1982). If the statute now in force was, therefore, amended to delete appellant's right to petition for determination of heirship, violation of appellant's equal protection rights would again become a serious question. Such was the problem in *Dickson*. The statute in effect there failed to include a provision applicable to illegitimate children barred by the statute of limitations in bringing paternity suits. *Dickson*, 807 S.W.2d at 726–27; *see generally Turner v. Nesby*, 848 S.W.2d 872, 874–75 (Tex.App.—Austin 1993, no writ) (illegitimate child entitled to fair opportunity to establish heirship notwithstanding statute in force at decedent's death); *Henson v. Jarmon*, 758 S.W.2d 368 (Tex.App.—Tyler 1988, no writ) (illegitimate child entitled to retroactive application of right to prove heirship in probate proceedings).

2. In addition, appellant does not argue and we can find no support for a common law right to bring a paternity action merely to determine the identity of one's biological father. Prior to *Gomez*, Texas courts held that a father had no legal duty to support his illegitimate child. *Home of the Holy Infancy v. Kaska*, 397 S.W.2d 208, 210 (Tex.1966). During that period, legitimization of a child born out-of-wedlock required some affirmative action by the father. *Pilgrim v. Griffin*, 237 S.W.2d 448, 450 (Tex.Civ.App.—El Paso 1950, writ ref'd n.r.e.). Only subsequent to *Gomez* did the Legislature enact a statutory framework for involuntary paternity proceedings Tex. Fam.Code.Ann. § 13.01 *et seq.* (Vernon 1986 & Supp.1995). As explained above, however, these provisions are inapplicable to appellant.

The right that we have previously recognized for children born prior to September 1, 1975, is predicated upon that child's "common law right

Our finding does not signify that we are unsympathetic to appellant's plea for relief in this case. No quantitative value can be placed on knowing the identity of one's father. Yet, this State has provided no relief to children in appellant's situation and appellant has shown no circumstance to mandate disregarding the Legislature's imposition of a limitations period. As this Court has already enunciated,

> Statutes of limitation rest upon reasons of sound public policy in that they tend to promote the peace and welfare of society, safeguard against fraud and oppression and compel the settlement of claims within a reasonable time after their origin and while the evidence remains fresh in the minds of witnesses. Statutes of limitation are devices intended to protect the courts from stale claims and to keep an individual from being put to defense after his memory has faded, witnesses have disappeared and the evidence has been lost. As such, limitation statutes are employed to prevent fraud, perjury, and mistake even though the operation of such statutes in some instances is arbitrary and the result may be harsh.

*Alvarado*, 552 S.W.2d at 542. Over fifty-eight years have passed since appellant was born, over thirty-seven years have passed since appellant reached adulthood and eight years have passed since appellant learned the possible identity of his father. Appellant does not now seek monetary support or a determination of any legal rights. Appellant seeks nothing more than to determine the identity of his biological father. While we respect appellant's quest for the truth, we find that limitations should apply.

Appellant has not shown that barring his paternity suit under the residual limitations period presents an equal protection violation. Appellant has not shown an improper statutory classification that discriminates against him as an illegitimate child. Appellant's pa-

ternity suit is, therefore, barred by the four year residual statute of limitations. The trial court properly granted summary judgment on this basis. We overrule point of error number one.

By point of error two, appellant argues that the trial court erred in failing to file findings of fact and conclusions of law upon request. Although requested to do so, the trial court did not err by not filing findings of fact and conclusions of law. *Robbins v. Warren*, 782 S.W.2d 509, 511 (Tex.App.—Houston [1st Dist.] 1989, no writ). Findings of fact and conclusions of law have no place in a summary judgment case. *Singleton v. LaCoure*, 712 S.W.2d 757, 761 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *United Parcel v. Helen of Troy Corp.*, 536 S.W.2d 415, 416 (Tex.Civ.App.—El Paso 1976, no writ); *Estate of Furr*, 553 S.W.2d 676, 679 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.); *Fulton v. Duhaime*, 525 S.W.2d 62, 64 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). Appellant's second point of error is overruled.

Having overruled all of appellant's points of error, we AFFIRM the trial court's judgment.

to institute a proceeding for the purpose of showing that the alleged father is his biological father *as a necessary requisite to establish a 'judicially enforceable right'* otherwise accorded to legitimate children generally." *Wynn v. Wynn*, 587 S.W.2d 790, 793 (Tex.Civ.App.—Corpus Christi 1979, no writ) (emphasis added). Appellant does

not seek a separate judicially enforceable right here. Determining the identity of one's biological father is not itself a judicially enforceable right when it is not sought in conjunction with establishing support, inheritance or some other legal right.