**Albert B. LUM, Appellant,**

v.

**Roger W. LACY, Appellee.**

**No. 17844.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Feb. 12, 1981.

Scott M. Jarrard, Houston, for appellant.

James T. Evans, Houston, for appellee.

Before COLEMAN, C. J., and PEDEN and SMITH, JJ.

SMITH, Justice.

This is an appeal from an order sustaining a plea in bar.

Appellant, Albert B. Lum, filed suit in the district court against appellee, Roger W. Lacy. The suit was called for trial and appellant failed to appear. The trial court dismissed the suit, and the order in addition to dismissing the suit, stated: "Plaintiff takes nothing." Motion to reinstate the case was denied. Appellant perfected his appeal and during the course of the appeal appellant filed a second lawsuit against appellee in another district court. The appellant failed to pursue his appeal of the first lawsuit and it was dismissed for want of prosecution. The trial court in the second lawsuit sustained the appellee's plea in bar, that there has been a prior final adjudication against the appellant on the facts alleged in this cause of action.

■ The record does not contain a copy of the petition in the first suit; however, the parties have informed this court that the two suits filed by appellant were identical and that the trial court was also informed of this fact at the time of the hearing on the Plea in Bar. Such statement constitutes a judicial admission.

The appellant's one point of error is, "The trial court erred in dismissing this case with prejudice because there has never been an adjudication of the subject matter, only a prior dismissal for want of prosecution."

The parties agree that there was not an actual trial on the merits in the first suit; however, appellee asserts in his reply that the "take nothing" language in the judgment constitutes a ruling on the merits.

■ A judgment on the merits should not be made until the plaintiff has had his day in court. In rendering judgment dismissing a suit for want of prosecution, the judge must refrain from rendering a judgment against the merits of the suit. *Zachary v. Overton*, 157 S.W.2d 405 (Tex.Civ.App.— Galveston 1941, ref'd w.o.m.).

■ Rule 165a, Texas Rules of Civil Procedure authorizes a judge to dismiss a suit for want of prosecution. A judge rendering a judgment other than that authorized by such rule has exceeded his jurisdiction. *Freeman v. Freeman*, 160 Tex. 148, 327 S.W.2d 428 (1959).

■ Appellee asserts the trial court, by rendering a take nothing judgment, did not commit fundamental error and appellant did not preserve this point. These contentions cannot be sustained as appellant has perfected this appeal alleging such error and it is fundamental error to render judgment on the merits on a non-appearing plaintiff. *Burton-Lingo Co. v. Lay*, 142 S.W.2d 448 (Tex.Civ.App.—El Paso 1940, no writ); *Freeman v. Freeman, supra.*

■ The appellant's decision to abandon his appeal in the first suit and pursue his cause of action in his second suit does not effect the jurisdiction of the second court unless it conflicts with the judgment in the prior court. *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063 (1926). There is no conflict in the judgments rendered in the two suits being considered and the appellee's contention is without merit.

■ The appellee's further contentions that the statute of limitations had run and appellant's cause of action is barred by laches are not borne out by the record. The second suit was timely filed prior to the running of the statute of limitation, and although appellant's election of remedies has been burdensome to the judicial system, appellant has stayed within the rules of the system and is entitled to his day in court.

The judgment of the trial court sustaining the plea in bar is reversed and the cause is remanded.

Costs of appeal are charged to the appellee.