**TEXAS ATTORNEY GENERAL OF the STATE OF TEXAS on Behalf of Jo Ellen FORD, Appellant,**

v.

**Royal Joseph DAURBIGNY, Appellee.**

**No. 01–85–0617–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 19, 1985.

Boykin, Randy Asst. Atty. Gen., Houston, for appellant.

Lekas, Stephen, Houston, for appellee.

Before EVANS, C.J., and COHEN and LEVY, JJ.

## OPINION

LEVY, Justice.

This is an appeal from a summary judgment granted to Respondent in a paternity action.

Jo Ellen Ford, Petitioner, mother of the minor child, Jeremy Geroyal Ford, brought

suit against Royal Joseph Daurbigny, Respondent, to establish his paternity and obtain support for the child. The trial court granted a take-nothing summary judgment for the Respondent. We reverse and remand.

The Respondent's motion for summary judgment specifies three affirmative defenses: 1) res judicata; 2) laches; and 3) limitations. All of the exhibits referred to in the motion for summary judgment are included in the record. Petitioner filed no response, and the court's summary judgment does not specify the basis for its ruling.

On appeal, Petitioner contends that the trial judge erred in granting summary judgment because: 1) the prior dismissal without prejudice for want of prosecution was not a bar to reprosecution; 2) laches was inapplicable as a matter of law or, alternatively, had not been established; and 3) the court applied the wrong period of limitations, and limitations had not run.

■■■ Petitioner did not respond to the motion for summary judgment. Tex.R. Civ.P. 166–A(c) provides that a summary judgment shall be decided on the motion, supporting affidavits, and documents on file if they establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion. It also provides that issues not expressly presented to the trial court in writing may not be considered on appeal as grounds for reversal. However, the burden of proving entitlement to summary judgment remains with the moving party; if the movant's proof is legally insufficient to establish a basis for summary judgment, the trial court may not grant summary judgment for lack of the non-movant's response. Further, the non-movant's failure to respond cannot, in itself, supply the proof necessary to establish the movant's right. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). When a Respondent moves for summary judgment on the basis of an affirmative defense, he must conclusively establish all necessary elements of that defense. *Swilley v. Hughes,* 488 S.W.2d 64 (Tex.1972).

■■■ Respondent's motion asserted that the prior cause, No. 80–57373, styled "In the Interest of Jeremy Geroyal Ford, a Child," had also been filed in the 308th District Court and that a final judgment was entered on August 1, 1984, dismissing that cause for want of prosecution. In support of his contention, Respondent attached: 1) the petition and the docket sheet in that cause, showing that subsequent to a jury verdict in Petitioner's favor, the parties agreed to a new trial, that the cause was later dismissed for want of prosecution, and that the trial court denied a subsequent motion to reinstate; and 2) an affidavit from Respondent's attorney, establishing that both this and the prior cause involved the same parties and subject matter, and that the first cause had been dismissed for want of prosecution.

■■■ Respondent's claim that res judicata barred reprosecution of the paternity action was based solely on the dismissal of the prior cause for want of prosecution, and was incorrect as a matter of law. Although a dismissal for want of prosecution is a final judgment, it is not a judgment on the merits and does not usually bar reprosecution. *Rizk v. Mayad,* 603 S.W.2d 773 (Tex.1980); *Gracey v. West,* 422 S.W.2d 913, 917 (Tex.1968).

■■■ Respondent's motion next relied on the affirmative defense of laches. He asserted that the cause should be dismissed as Petitioner "has inexcusably delayed in asserting her rights in this case." Petitioner is correct in contending that laches was no defense to her cause of action. Laches and stale demand are peculiarly available against the assertion of *equitable* rights. Petitioner's suit relied upon the express *statutory* duty of Respondent to support his children. Tex.Fam.Code Ann. sec. 12.04 (Vernon Supp.1985). Generally, in the absence of some element of estoppel or of some extraordinary circumstances as would render inequitable the enforcement

of petitioner's right after a lengthy delay, laches will not bar a suit short of the period set forth in the limitation statute. *Barfield v. Howard M. Smith Co.,* 426 S.W.2d 834, 840 (Tex.1968). Moreover, Respondent's claim, unsupported by any affidavit or deposition, was incomplete in that he alleged delay only and failed to allege or prove inconvenience, prejudice, or injury. *See Gulf, Colorado & Santa Fe Railway Co. v. McBride,* 159 Tex. 442, 453, 322 S.W.2d 492, 500 (1958) (op. on reh'g); *Prejean v. Prejean,* 592 S.W.2d 660 (Tex.Civ. App.—Beaumont 1979, no writ). Respondent failed to meet his burden to establish each necessary element of the affirmative defense of laches as a matter of law.

■ Respondent's motion relied finally on the statute of limitations. Petitioner contends that Tex.Fam.Code Ann. sec. 13.-01 (Vernon Supp.1985), providing that a paternity suit must be brought on or before the second anniversary of the day the child becomes an adult, applies to this cause of action. The enacting legislation, ch. 744, sec. 2, 1983 Tex.Gen.Laws 4530, which became effective on June 19, 1983, provided:

> A cause of action that was *barred before the effective date of this Act* but would not have been barred by section 13.01, Family Code, as amended by this Act, is not barred until the period of limitations provided by Section 13.01, Family Code, as amended by this Act, has expired. (Emphasis added.)

*Id.* at 4531.

Prior to the enactment of this statute, the Family Code provided a four-year period of limitations for paternity actions. Ch. 674, sec. 2, 1981 Tex.Gen.Laws. 2537. On June 19, 1983, the child was less than four years old. Because of the wording of section 2 of the enacting legislation of sec. 13.01, Respondent argues that the new statute of limitations does not apply.

Regardless of whether the current statute applies, this action was not barred by limitations. If sec. 13.01 did not apply to this paternity action because the action was not "barred before the effective date" of the statute, the applicable period of limita-

tion would be the statute in effect at the time of the child's birth. *See Alvarado v. Gonzales,* 552 S.W.2d 539 (Tex.Civ.App.— Corpus Christi 1977, no writ). The record reflects that the child was born on July 27, 1980, at which time the statute provided for a one-year period of limitation. Ch. 476, sec. 24, 1975 Tex.Gen.Laws. 1253, 1261. That statute was subsequently found unconstitutional, *Mills v. Habluetzel,* 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982). Therefore, Tex.Rev.Civ.Stat.Ann. art. 5529 (Vernon 1958) applied and would have been tolled by virtue of the child's minority. *See* Tex.Rev.Civ.Stat.Ann. art. 5535 (Vernon Supp.1985); *Prejean v. Prejean,* 592 S.W.2d 660; *see also Texas Department of Human Resources v. Delley,* 581 S.W.2d 519 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). We hold that, as a matter of law, limitations did not bar the prosecution of this lawsuit.

Respondent failed to establish his right to summary judgment by establishing all of the elements of any one or more of his defenses as a matter of law. *See Cotton v. Ratholes, Inc.,* 699 S.W.2d 203 (Tex.1985). The judgment of the trial court is accordingly reversed, and the cause is remanded for trial.