The **ATTORNEY GENERAL OF TEXAS,** on Behalf of The **STATE OF WASHINGTON** and Bonnie Hull, Appellant,

v.

Wardell **RIDEAUX,** Appellee.

No. 01–91–01390–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 8, 1992.

Alice P. Thompson, Houston, for appellant.

Isaac E. Henderson, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from a Revised Uniform Reciprocal Enforcement of Support Act, TEX.FAM.CODE ANN. § 21.01 (Vernon Supp.1992) (RURESA) paternity suit, which the trial court dismissed with prejudice on the basis of res judicata because two prior suits had been dismissed for lack of appearance and want of prosecution. In its sole point of error, appellant contends the trial court erred in holding that a dismissal for want of prosecution, or for lack of appearance, bars subsequent suit on the merits. The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.

In November of 1988, appellant, the Attorney General of Texas, on behalf of the State of Washington and Bonnie Hull, filed a lawsuit pursuant to RURESA, chapter 21 of the Texas Family Code, in the 300th District Court of Brazoria County, Texas, to establish the paternity of the child who is the subject of this suit. On August 21, 1989, this lawsuit, cause number 88–B2709, was dismissed "for want of appearance of the parties."

In June of 1990, appellant filed a second lawsuit under RURESA to establish the paternity of the child in the 310th District Court of Harris County, Texas. On June 27, 1990, this lawsuit, cause number 90–09809, was dismissed "for want of prosecution."

In 1991, appellant filed the instant RURESA lawsuit to establish paternity, cause number 91–05231 in the 311th District Court of Harris County, Texas. Appellee responded and filed an original answer and plea of res judicata on March 20, 1991. On June 18, 1991, this case was heard and dismissed under TEX.R.CIV.P. 165a, finding a prior dismissal for want of prosecution as res judicata to the action. No record was made.

A hearing was held on September 10, 1991, on appellant's motion for a new trial. The trial court ordered that the case be dismissed with prejudice, finding that the two previous lawsuits were dismissed for want of prosecution under rule 165a and concluding as a matter of law that such dismissals are res judicata on the issues in this case. The trial court signed the order dismissing appellant's lawsuit "with prejudice to the right to refile same."

In its sole point of error, appellant contends that the court erred in holding that a dismissal for want of prosecution, or for lack of appearance, bars a subsequent suit on the merits.

A trial court has both the inherent power and authority under rule 165a to dismiss a lawsuit for the party's failure to prosecute it with due diligence. *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex.1976). However, a trial court's authority to dismiss cases for want of prosecution does not confer upon it the authority to adjudicate and deny the merits of the dismissed claim. *Gracey v. West*, 422 S.W.2d 913, 917 (Tex.1968); *Lum v. Lacy*, 616 S.W.2d 260, 261 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ) ("a judgment on the merits should not be made until the plaintiff has had his day in court").

Appellee relies on the proposition that the court should draw an arbitrary line in the law to limit the number of times a plaintiff can refile a suit when considering multiple dismissals for want of prosecution. The Texas Supreme Court has long held that "a litigant may refile an action that has been dismissed for want of prosecution, since the merits of such an action remain undecided." *Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex.1980); *Gracey*, 422 S.W.2d at 917.

In *Texas Attorney General O/B/O Ford v. Daurbigny*, 702 S.W.2d 298 (Tex.App.—Houston [1st Dist.] 1985, no writ), a case similar to the present case, where respondents claimed that res judicata barred reprosecution of the paternity action based solely on the dismissal for want of prosecution, this Court held that this was *incorrect as a matter of law* and a dismissal for want of prosecution does not usually bar reprosecution. *Id.* at 300. Unfortunately, an irresponsible plaintiff could fail to prosecute an unlimited number of times and unfairly harass an innocent defendant; however, the remedy is not an adjudication on the merits, but rather a request for sanctions in a pending matter.

The order of dismissal in the instant case was not an adjudication on the merits; therefore, the court erred in dismissing the suit with prejudice, and should have properly ordered a dismissal without prejudice. *Texas Attorney General v. Abbs*, 812 S.W.2d 605, 608 (Tex.App.—Dallas 1991, no writ); *Melton v. Ryander*, 727 S.W.2d 299, 303 (Tex.App.—Dallas 1987, writ ref'd n.r.e.).

Appellant's sole point of error is sustained.

The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.