TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-0040-CV







The Frost National Bank of San Antonio, Appellant



v.



Fred E. Davis, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 91-5313-A, HONORABLE JOSEPH H. HART, JUDGE PRESIDING







PER CURIAM


 Appellant Frost National Bank of San Antonio ("Frost") challenges the trial court's
order dismissing its case for want of prosecution. Frost does not challenge the dismissal on its
merits but claims that the order erroneously dismisses its case with prejudice. Frost asks this
Court to reform the trial court's order to clarify that the dismissal was without prejudice. We will
affirm the order.



Facts


 This litigation began on April 16, 1991, when First City, Texas-Austin, N.A. filed
suit against Davis and two other defendants. In late 1992, the Federal Deposit Insurance
Corporation ("FDIC") was appointed as First City's receiver and the claims against the defendants
were transferred to New First City, Texas-Austin, N.A. In 1993, the FDIC was appointed as
New First City's receiver and the claims against the defendants were transferred to Frost, the
current holder and owner of the claims against the defendants.

 On November 2, 1994, Davis filed a motion to sever the claims against him from
the claims against the other two defendants and a motion to dismiss for want of prosecution. On
December 1, 1994, the trial court signed an order granting the severance and dismissal and
directing that the order be entered as a final judgment in the separately docketed cause against
Davis. On December 6, Frost filed a "notice of non-suit without prejudice." And, on December
8, Frost filed a new suit alleging the same causes of action against Davis and the two other
defendants.

 Frost's basic complaint is that the order provides that it is a final judgment:



[I]t is further ORDERED that the causes of action against FRED E. DAVIS be
severed from the remainder of this case and be separately docketed and numbered
as Cause No. 91-5313A, and upon such docketing, that this Order shall be entered
therein as the Final Judgment in the severed cause.



(Emphasis added).



Analysis


 We first address Davis' argument that this cause should be dismissed because Frost
did not preserve error. Frost did not file a motion for new trial or otherwise object to the
rendition of the judgment. Ordinarily, to preserve a complaint for appellate review, a party must
have presented to the trial court a timely request, objection or motion, stating the specific grounds
for the ruling the party desired the court to make. Tex. R. App. P. 52(a); Beall v. Ditmore, 867
S.W.2d 791, 794 (Tex. App.--El Paso 1994, writ denied) (timely objection must be raised as soon
as practicable). There is no statement of facts from the hearing on the motion to dismiss so Frost
does not show that it objected timely, (1) nor does the transcript include a later-filed objection. In
absence of a timely-filed objection, Frost has waived error on appeal. See Top Value Enter., Inc.
v. Carlson Mktg. Group, Inc., 703 S.W.2d 806, 811 (Tex. App.--El Paso 1986, writ ref'd n.r.e.).

 However, were we to reach the merits, we would not modify the order. Frost
claims that the words "final judgment" imply that the judgment was on the merits. We disagree.

 Ordinarily, a dismissal for want of prosecution is not a judgment on the merits of
the cause. See Rizk v. Mayad, 603 S.W.2d 773, 775 (Tex. 1980); Gracey v. West, 422 S.W.2d
913, 917 (Tex. 1968); State v. Schless, 815 S.W.2d 373, 376 (Tex. App.--Austin 1991, orig.
proceeding). Therefore, res judicata does not usually bar an action filed subsequent to a dismissal
for want of prosecution. See, e.g., Att'y Gen. of Tex. v. Rideaux, 838 S.W.2d 340, 342 (Tex.
Civ. App.--Houston [1st Dist.] 1992, no writ) (trial court erred in dismissing case with prejudice
based on two prior dismissals for want of prosecution); Att'y Gen. of Tex. v. Daurbigny, 702
S.W.2d 298, 300 (Tex. App.--Houston [1st Dist.] 1985, no writ) (claim that res judicata barred
reprosecution of paternity suit based on dismissal of prior cause for want of prosecution is wrong
as matter of law); Westworth Village v. Mitchell, 414 S.W.2d 59, 60 (Tex. Civ. App.--Fort Worth
1967, writ ref'd n.r.e.) (res judicata did not bar municipal corporation from refiling suit that had
been earlier dismissed for want of prosecution).

 Nothing in this case indicates that the judgment went to the merits: the trial court
rendered its order in response to a motion to dismiss for want of prosecution and the order states
that the court found that Frost had failed to diligently prosecute its cause against Davis. 
Nevertheless, the trial court's order is "final" in the sense that it disposed of all issues and parties
and is therefore appealable. See, e.g., Daurbigny, 702 S.W.2d at 300 ("Although a dismissal for
want of prosecution is a final judgment, it is not a judgment on the merits and does not usually
bar reprosecution.").

 Frost relies on Lum v. Lacy, 616 S.W.2d 260, 261 (Tex. Civ. App.--Houston [1st
Dist.] 1981, no writ), which held that the trial court erred in dismissing a cause for want of
prosecution by an order providing that the "[p]laintiff take nothing." This case is distinguishable
from Lum because a take-nothing judgment implies a ruling in favor of the defendant. Here, the
order rendered did not purport to be in favor of or adverse to either party.

 Frost also protests that the order is an interlocutory rather than a final order
because it did not dispose of all parties, or, alternatively, because he non-suited the cause after
the order was rendered. We disagree. The trial court exercises great discretion in severing and
consolidating actions. Guaranty Fed. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 658
(Tex. 1990). The trial court's order severed Frost's claims against Davis from its claims against
the two other defendants. And, once the severed action was dismissed, all claims against Davis
were disposed of. A judgment that disposes of all claims against all parties is final. Cherokee
Water Co. v. Ross, 698 S.W.2d 363, 365 (Tex. 1985). Further, Frost's attempted non-suit after
a final order was rendered is ineffective. Tex. R. Civ. P. 162; Texas Capital Bank--Westwood v.
Johnson, 864 S.W.2d 186, 188 n.1 (Tex. App.--Texarkana 1993, orig. proceeding); Verret v.
Verret, 570 S.W.2d 138, 140 (Tex. Civ. App.--Houston [1st Dist.] 1978, no writ).

 We overrule Frost's points of error one and two and affirm the trial court's order. 

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: August 16, 1995

Do Not Publish

1.   Before submission, we overruled Davis' motion to dismiss the appeal because Frost
did not file a statement of facts; Davis also urges us to dismiss the appeal in his brief. 
The absence of a statement of facts is not automatic grounds for dismissal. The court of
appeals must evaluate the transcript for questions of law. Office of Pub. Util. Counsel v.
Public Util. Comm'n, 878 S.W.2d 598, 600 (Tex. 1994). The issue of the preclusive effect of
a dismissal for want of prosecution is a question of law. Att'y Gen. of Tex. v. Daurbigny, 702
S.W.2d 298, 300 (Tex. App.--Houston [1st Dist.] 1985, no writ).