NUMBER 13-99-740-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

_________________________________________________________________


BERNARD J. DOLENZ, TRUSTEE, Appellant,


v.


PIRATE'S COVE WATER SUPPLY AND SEWAGE SERVICE CORP., Appellee.

__________________________________________________________________


On appeal from the 135th District Court of Calhoun County, Texas.

__________________________________________________________________


M E M O R A N D U M O P I N I O N

Before Justices Hinojosa, Yañez and Chavez (1)

Opinion by Justice Yañez 

Bernard Dolenz appeals a judgment rendered in favor of Pirate's Cove Water Supply and Sewage Service Corporation
(PCWS). We reverse and remand.

This case was originally severed from a lawsuit filed by PCWS against Dolenz, involving an agreement to provide water
service to Dolenz's property. Dolenz answered PCWS's suit and raised counterclaims. The trial court severed Dolenz's
counterclaims from the PCWS suit. (2)

A trial date of August 9, 1999 was set for the case containing Dolenz's claims against PCWS, pursuant to a pre-trial order
to which the parties agreed. The pre-trial order was submitted to prevent the case from being dismissed for want of
prosecution. On August 5, 1999, Dolenz filed a motion for continuance. The trial court issued a judgment on August 10,
1999, granting a default judgment against Dolenz, with a judgment stating that Dolenz had failed to appear, "all matters of
fact and things in controversy were submitted," and that the court had considered "the pleadings, evidence and arguments of
counsel."

A trial court may not adjudicate the merits of a plaintiff's claim when he fails to appear for trial, but may only dismiss for
want of prosecution. State v. Herrera, 25 S.W.3d 326, 327 (Tex. App.-Austin 2000, no pet.); Lum v. Lacy, 616 S.W.2d,
261 (Tex. Civ. App.-Houston [1st Dist.] 1981, no writ). (3) Therefore, we sustain Dolenz's first point of error. Because this
point of error is dispositive, we do not address Dolenz's remaining three points of error. Tex. R. App. P. 47.1. 

The judgment of the trial court is REVERSED and REMANDED for further action consistent with this opinion.

 

LINDA REYNA YAÑEZ

Justice




Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

28th day of June, 2001.

1. Retired Justice Melchor Chavez assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. The action containing PCWS's claims went to trial and resulted in a verdict for PCWS. Dolenz appealed that judgment
to this Court, which affirmed the decision.

3. PCWS agrees that there is authority to support Dolenz's first point of error, that a trial court cannot enter a judgment on
the merits for a plaintiff's failure to prosecute a cause of action, but suggests that we modify the judgment and affirm as
modified. See Tex. R. App. P. 43.2(b) (appellate court may modify a judgment and affirm as modified). Modifying the
judgment in this case to reflect a dismissal without prejudice for want of prosecution would require a complete change of
the nature of the judgment, and we decline to so act, as this is a matter best addressed by the trial court.