NUMBER 13-03-271-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

BERNARD DOLENZ, TRUSTEE,                                                Appellant,

v.

PIRATES COVE WATER SUPPLY
AND SEWAGE SERVICE CORP.,                                               Appellees.
                                                                                                                                       

On appeal from the 135th District Court of Calhoun County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Memorandum Opinion by Justice Yañez
 
          By five issues, appellant, Bernard J. Dolenz, an inmate proceeding pro se, appeals
the trial court’s order dismissing his civil suit for want of prosecution. We affirm. 
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court’s decision and
the basic reasons for it. See Tex. R. App. P. 47.4.
Standard of Review
          We review the trial court’s dismissal of a case for want of prosecution under an
abuse of discretion standard. See Pedraza v. Crossroads Sec. Sys., 960 S.W.2d 339, 342
(Tex. App.–Corpus Christi 1997, no pet.). An abuse of discretion occurs when a trial court
acts without reference to any guiding rules or principles. See Downer v. Aquamarine
Operators, 701 S.W.2d 238, 241-42 (Tex. 1985). 
Dismissal of inmate’s lawsuit for want of prosecution
          Trial courts have inherent power to dismiss an inmate’s case for want of
prosecution, and courts have express authority to do so under rule 165a. See Tex. R. Civ.
P. 165a. Under rule 165a:
A case may be dismissed for want of prosecution on failure of any party
seeking affirmative relief to appear for any hearing or trial of which the party
had notice . . . . At the dismissal hearing, the court shall dismiss for want of
prosecution unless there is good cause for the case to be maintained on the
docket. . . . 
 
Tex. R. Civ. P. 165a(1). Here, the record reflects that the trial court held a dismissal
hearing pursuant to rule 165a on January 13, 2003. 
          By his first issue, appellant contends that the trial court abused its discretion in
dismissing his case because: (1) he received inadequate notice of the trial setting under
rule 245; (2) he is a necessary witness and should have been allowed to personally
appear at trial; and (3) there was outstanding discovery. 
          In regard to appellant’s first sub-issue, rule 245 provides, in relevant part, that a
party is entitled to “reasonable notice of not less than forty-five days . . . of a first setting
for trial, or by agreement of the parties; provided, however, that when a case previously
has been set for trial, the Court may reset said contested case to a later date on any
reasonable notice to the parties or by agreement of the parties . . .” See Tex. R. Civ. P.
245. Failure to give appropriate notice under rule 245 results in reversible error. Bruneio
v. Bruneio, 890 S.W.2d 150, 156 (Tex. App.–Corpus Christi 1994, no writ). 
          Here, the record reflects that notice of the January 13, 2003 trial setting was
provided to appellant on October 21, 2002. A second notice of trial was sent on December
20, 2002. Appellant also acknowledged receipt of notice of the trial setting in a subsequent
letter to the trial court dated January 2, 2003. Accordingly, we conclude that the record
demonstrates that appellant received appropriate notice under rule 245. See id. 
          In appellant’s second sub-issue, he argues he is a necessary witness and should
have been allowed to personally appear. We disagree. There is no absolute right for an
inmate to appear in court in person in a civil case. See Armstrong v. Randle, 881 S.W.2d
53, 56 (Tex. App.–Texarkana 1994, writ denied). In considering an inmate’s right to
appear, courts follow a balancing approach, weighing the preservation of the correctional
system’s integrity against the prisoner’s right of access, with a goal of achieving a balance
that is fundamentally fair. Id. at 57. Where the court has determined that an inmate will
not be allowed to appear personally, however, the inmate should be allowed to proceed
by affidavit, deposition, telephone, or other effective means. Aguilar v. Alvarado, 39
S.W.3d 244, 248 (Tex. App.–Waco 1999, pet. denied).
          Here, the record shows that in addition to receiving two timely notices of trial, the
trial court also sent a third letter to appellant on December 27, 2002 denying his request
to be present at trial. The court, however, indicated that appellant could submit deposition
testimony and affidavits for consideration by the court. Because appellant was provided:
(1) with timely notice of trial, and (2) the opportunity to proceed by affidavit and deposition
testimony, we conclude that the trial court did not abuse its discretion in denying
appellant’s request to personally appear at trial. Id. 
          In his third sub-issue, appellant contends that outstanding discovery exists. Issues
raised on appeal must be supported by a clear and concise argument, including citation
to appropriate authorities and the record. See Tex. R. App. P. 38.1(h); Columbia Rio
Grande Reg’l Hosp. v. Stover, 17 S.W.3d 387, 392 (Tex. App.–Corpus Christi 2000, no
pet.). Because appellant has failed to support his third sub-issue by a clear and concise
argument with citations to appropriate authorities and the record, appellant has waived any
error regarding this issue. See Columbia Rio Grande Reg’l Hosp., 17 S.W.3d at 392. We
overrule appellant’s first issue.
          In his second issue, appellant contends the trial court abused its discretion in failing
to grant his motion to reinstate. Where a case is dismissed for want of prosecution at a
subsequent hearing on a motion to reinstate, the movant must show that reasonable
diligence has been used in prosecuting the case. MacGregor v. Rich, 941 S.W.2d 74, 76
(Tex. 1997) (per curiam). 
          Here, the record reflects that appellant received timely notice of hearing on his
motion to reinstate. Appellant, however, failed to: (1) appear at the motion to reinstate
hearing; or in the alternative, (2) submit deposition testimony, affidavits, or other evidence
supporting his argument that the trial court should reinstate his lawsuit. Based on
appellant’s failure to appear and/or provide evidence supporting reinstatement, we
conclude that the trial court did not abuse its discretion in denying appellant’s motion to
reinstate. Id. Appellant’s second issue is overruled. 
          In his third issue, appellant argues that the trial court abused its discretion by
including a “Mother Hubbard” clause in its dismissal order. In the order dismissing
appellant’s case for want of prosecution, the “Mother Hubbard” clause states in pertinent
part: “IT IS ORDERED that all other relief requested by either party and not expressly
granted herein be and is hereby denied.” A trial court may not adjudicate the merits of a
plaintiff’s claim when the party fails to appear for trial, but may only dismiss for want of
prosecution. Lum v. Lacy, 616 S.W.2d 260, 261 (Tex. Civ. App.–Houston [1st Dist.] 1981,
no writ). 
          The order reflects that the trial court did not adjudicate the merits of appellant’s
claim, but dismissed his case for want of prosecution without prejudice. Thus, the “Mother
Hubbard” clause included in the order did not affect appellant’s ability to refile his case. 
Accordingly, we conclude that the trial court did not abuse its discretion in including a
“Mother Hubbard” clause in its dismissal for want of prosecution. Id. Appellant’s third
issue is overruled. 
          By his fourth issue, appellant argues that in the order of dismissal dated January 13,
2003, the trial court improperly dismissed Guadalupe-Brazos River Authority (GBRA) and
South Texas Bank from the suit. 
          The January 13, 2003 order does not support appellant’s argument regarding GBRA
and South Texas Bank. The order does not dismiss or mention GBRA or South Texas
Bank. Accordingly, we overrule appellant’s fourth issue.
          In his fifth issue, appellant asserts that the trial court erred in quashing his discovery
requests. We review a trial court’s ruling on discovery matters for an abuse of discretion. 
See Boon Ins. Agency, Inc. v. Am. Airlines, Inc., 17 S.W.3d 52, 60 (Tex. App.–Austin 2000,
pet. denied). 
          Rule 190 of the Texas Rules of Civil Procedure requires that discovery be served
in time sufficient to give a party an opportunity to respond within the discovery period. See
Tex. R. Civ. P. 190. Unless otherwise ordered or agreed, parties seeking discovery must
serve requests sufficiently far in advance of the end of the discovery period so that the
deadline for responding will be within the discovery period. Pape v. Guadalupe-Blanco
River Auth., 48 S.W.3d 908, 913 (Tex. App.–Austin 2001, pet. denied). Interrogatories and
requests for disclosure, production, and admissions must be served on the opposing party
no later than thirty days before the end of the discovery period. Id.
          Here, the record reflects that discovery was served on appellee just two weeks prior
to the trial setting of January 13, 2003. Specifically, appellant’s discovery requests bear
a certificate of service indicating that the documents were mailed December 27, 2002. 
Appellee did not receive the discovery requests until approximately January 2, 2003. 
Because appellant’s discovery requests were untimely under rule 190, we conclude that
the trial court did not abuse its discretion in quashing appellant’s discovery requests. Id. 
Accordingly, appellant’s final issue is overruled. 
          We affirm the trial court’s judgment.
 
 
                                                                                                                                                                                     LINDA REYNA YAÑEZ
                                                                           Justice





Memorandum opinion delivered and filed this the
10th day of November, 2004.