**DISMISS and Opinion Filed April 28, 2021**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00865-CV

## TAILIM SONG D/B/A TAILIM SONG LAW FIRM, Appellant
## V.
## JAY JUNG, Appellee

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-02129-A**

## MEMORANDUM OPINION
Before Justices Molberg, Goldstein, and Smith
Opinion by Justice Smith

By notice of appeal filed September 28, 2020, appellant challenges the trial court's September 17, 2020 order denying his motion to reinstate the underlying suit, which was dismissed in its entirety for want of prosecution on December 19, 2019. Because the notice of appeal was untimely filed, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g) (timely filing of notice of appeal is jurisdictional).

To ensure simplicity and certainty in determining the time for perfecting an appeal, the Texas Rules of Appellate Procedure calculate the deadline for filing a notice of appeal from the date the final judgment disposing of all parties and claims is signed. *See* TEX. R. APP. P. 26.1; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) ("Simplicity and certainty in appellate procedure are nowhere more important than in determining the time for perfecting appeal."); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (judgment is final when it disposes of all claims between all parties). When, as here, a post-judgment motion such as a motion to reinstate or motion for new trial is filed, the deadline is ninety days, or with an extension motion 105 days, from the date the judgment is signed. *See* TEX. R. APP. P. 26.1(a), 26.3. An order denying a post-judgment motion such as a motion to reinstate or motion for new trial is not separately appealable from the final judgment and does not start the appellate timetable. *See Jarrell v. Bergdorf*, 580 S.W.3d 463, 465 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

Because the notice of appeal here was filed more than nine months after the order of dismissal, we questioned our jurisdiction over this appeal. In response, appellant filed a seven-page letter brief, with exhibits, premised on the assertion that no final judgment existed, and the appellate deadlines were not triggered, until the

2

trial court signed the order denying the motion to reinstate.[1]  The order dismissing the underlying suit for want of prosecution, however, was the final judgment as it disposed of the entire suit.  *See Tipps*, 842 S.W.2d at 272; *Tex. Attorney Gen. v. Daurbigny*, 702 S.W.2d 298, 300 (Tex. App.—Houston [1st Dist.] 1985, no writ).  And, as stated above, it triggered the appellate deadlines.  Appellant's claim has no merit.  Accordingly, we dismiss the appeal.  *See* TEX. R. APP. P. 42.3(a); *Brashear*, 302 S.W.3d at 545.

/Craig Smith/
CRAIG SMITH
JUSTICE

200865F.P05

---

[1] Appellant asserts neither the trial court nor he intended the order of dismissal to be the final judgment and explains the trial court did not rule on the motion to reinstate until September because of the Covid-19 pandemic. He notes that between the date the motion to reinstate was filed, January 13, 2020, and the date the order denying the motion was signed, September 17, he communicated numerous times with the trial court coordinator regarding the motion and the hearing date on the motion was reset three times.



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

TAILIM SONG D/B/A TAILIM
SONG LAW FIRM, Appellant

No. 05-20-00865-CV     V.

JAY JUNG, Appellee

On Appeal from the County Court at
Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-19-02129-
A.
Opinion delivered by Justice Smith,
Justices Molberg and Goldstein
participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee Jay Jung recover his costs, if any, of this appeal from appellant Tailim Song d/b/a Tailim Song Law Firm.

Judgment entered April 28, 2021.

4