In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00459-CV
_____

**PSALM 9:1 WELLS FAMILY, LLC, Appellant**

**V.**

**MICHAEL D. COUR AND 183 RANCH CORPORATION D/B/A
EQUICARE, Appellees**

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 18-12-15915-CV

**MEMORANDUM OPINION**

Following a trial to the bench, Psalm 9:1 Wells Family, LLC (Psalm) appeals

from the trial court's take-nothing judgment after the trial court found that 183 Ranch

Corporation (183 Ranch) was not a party to a $12,000 promissory note payable to

Psalm. Instead, the trial court held only Michael Cour liable on the note, finding he

signed the note in his individual capacity and not in his capacity as the president of

183 Ranch. Psalm appealed and filed a brief raising the following issues: (1) the trial

1

court lacked "the power to dismiss *sua sponte*[;]" (2) Psalm may recover on the note against both Cour and 183 Ranch even though the note bears only Cour's signature and is not, on its face, signed by Cour in his capacity as 183 Ranch's president; and (3) the terms of the note are ambiguous about whether Cour signed the note as the president of 183 Ranch.

For the reasons more fully explained below, we conclude Psalm's suit was not dismissed sua sponte, the note (as a matter of law) is not ambiguous, and 183 Ranch is not a party to the note. We will affirm.

Background

In November 2017, Michael Cour signed a promissory note, agreeing to pay the principal and interest due on the $12,000 loan on December 12, 2017. As stated in the note, the purpose of loan was for the "short-term financing of Equicare improvements." Just below where Cour signed his name, is an address. Typed out on the signature line to the note, Cour signed his name. Nothing in the note indicates Cour was signing the note in his capacity as the president of 183 Ranch. The pleadings before the trial court reflect that Equicare is a trade name, which no one disputes is used by 183 Ranch, and no one disputes that the proceeds of the loan were in fact used to finance improvements that were placed on property owned by 183 Ranch.

2

On December 14, 2014, at Psalm's request, Cour agreed to Psalm's proposal to amend the terms of the note, amendments that relate to the note's principal and interest. The amendments include an agreement to extend the deadline by which Cour was to pay the note. As to the note, the amendment defines the "Borrower" as "Michael Cour" and similar to the original note, Cour signed his name to the amendment on a signature line just below the word "BORROWER" and right below where his name is typed "MICHAEL COUR."

In September 2018, an attorney retained by Psalm sent Cour a demand letter. In the letter, the attorney advised Cour that if the demand was not met, Psalm would "have no alternative but to pursue collection of this debt by all lawful means and through all remedies available at law."[1] In December 2018, Psalm sued Cour and 183 Ranch for the amounts that it claimed Psalm was owed. In addition to a breach of contract claim, the suit includes a claim for money had and received.[2]

Several weeks before the trial, Cour signed an agreed partial judgment, agreeing to pay the principal, interest, and attorney's fees that Psalm claimed Cour

---

[1]To be sure, while the demand letter is addressed to Michal Cour, the next line of the address contains the name "Equicare."

[2]At trial, the trial court noted the theory of money had and received is an equitable concept, which does not apply when a promissory note exists. Psalm did not brief its claim of money had and received on appeal. Since the error is unassigned, we need not address it here. *Pat Baker Co., Inc., v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998); *Allright, Inc. v. Pearson*, 735 S.W.2d 240 (Tex. 1987).

owed for breaching the note. Under the agreed judgment, however, Psalm retained the claims, if any, against 183 Ranch.

About two weeks later, the trial court called the case for trial. Just before voir dire, the trial court told Psalm's attorney the court had reviewed the file and was concerned, based on Psalm's proposed charge, about whether any issues of material fact existed for the jury to decide at trial. Explaining her concerns, the trial court noted that she had examined the promissory note, and that she was aware based on the agreed judgment, which she had signed earlier against Cour, that 183 Ranch did not appear to be a signatory on the note. When the trial court asked Psalm's attorney to explain what fact issues existed for the jury in the trial, Psalm's attorney argued he thought a jury could find both Cour and 183 Ranch liable on the note, explaining that a material issue of fact existed about whether Cour signed the note in a dual capacity when making the note. Psalm's attorney asked the trial court if she would allow him to make an offer of proof to demonstrate that an issue of material fact existed on his dual capacity claim.

The trial court agreed to the proposal, allowing Psalm to proceed, while making the prospective jurors wait outside. During the proceeding before the trial court, Psalm called Mathew Wells, the president of Psalm, to the stand. Wells testified that in November 2017, Cour called and asked whether he could provide "short-term financing" for an arena that Cour wanted to build on the property of 183

4

Ranch "for the events that he was going to do and for his training for the horses themselves." According to Wells, when he spoke with Cour, he believed that Cour owned 183 Ranch, and he thought Cour had the authority to bind 183 Ranch Corporation d/b/a Equicare to a loan by signing a note. That said, Wells never testified he discussed any of those matters with Cour, and Wells never testified that Cour told him he was seeking a loan on behalf of 183 Ranch.

Wells went on to explain that he drafted the promissory note that Cour signed. And while he agreed that Cour could have proposed to change or alter the terms of the note, he did not. Only one other witness testified in the trial, Psalm's attorney—Mathew Maddox. But in his testimony, Maddox never addressed any of the issues relevant to the appeal. Instead, Maddox's testimony concerns the reasonableness of the fees he charged Psalm for the efforts that her undertook in collecting the principal and interest due on the note, signed by Cour.

At Maddox's request, the trial court marked the exhibits Maddox wanted to offer in the trial as exhibit one.[3] Psalm called no other witnesses in the proceedings conducted to the bench. For instance, Maddox did not call or ask to call Cour, nor did he file any post-trial motions suggesting he would have called additional

---

[3]This group of exhibits includes (1) the Promissory Note; (2) the First Amendment To the Promissory Note; (3) the demand letter from Maddox to Cour; (4) miscellaneous emails between Cour and Wells; (4) photos of the construction progress; and (5) Maddox's itemized bill for attorney's fees.

witnesses to show that he would have offered additional testimony had the case been presented before a jury in a trial. Moreover, the trial court did not prevent Psalm from presenting whatever evidence it wished to show that Cour signed the note while intending to bind both himself and 183 Ranch to the debt. And on appeal, Psalm does not argue that it could have presented more evidence had the case been presented to the jury rather than to the trial court. Finally, after Psalm concluded presenting its evidence, Maddox never objected when the trial court announced that it was finding 183 Ranch had no liability under the promissory note because there was no evidence to show that Cour signed the note in his capacity as the president of 183 Ranch.

After the trial court announced its ruling, Psalm's counsel made only one request: that the trial court allow Psalm the right to amend and plead ambiguity. Maddox filed a handwritten, proposed amended pleading on a notepad, and filed it as Psalm's amended pleading for the record. For its part, the attorney representing 183 Ranch objected to the Psalm's filing an amended pleading, and the record does not show the trial court gave Psalm leave to amend.

The trial ended with the trial court thanking the parties for being present. Psalm did not object to the summary trial to the bench, without a jury, the procedure the trial court used to dispose of Psalm's remaining claim against 183 Ranch. In that proceeding, the trial court allowed Psalm to present all evidence it wanted to present

relevant to showing that Cour signed the note in a representative capacity as president of 183 Ranch. We presume that after the parties left the courtroom, the trial took up some other case on the court's docket for that day.[4]

Eight days later, the trial court signed a judgment, which recites that Psalm take nothing against 183 Ranch. The judgment also recites that Psalm recover against Cour under the agreed judgment based on the $12,000 note. This appeal followed.

Analysis

*Issue One*

In Psalm's first issue, it argues the judgment should be reversed because the trial court lacked the power to dismiss its suit *sua sponte.* In its brief, Psalm cites cases from some of our sister courts, which have reversed cases where trial courts dismissed causes of actions in the absence of any dispositive motion before the court.[5] But that is not what occurred here. To be sure, 183 Ranch did not have a

[4]The record reflects the trial court had not discharged the jury when it thanked the attorneys and advised the attorney that under the note and based on the offer of proof, it did not appear to the court that 183 Ranch was not a borrower as defined by the note.

[5]*Porras v. Jefferson,* 409 S.W.3d 804, 807-08 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Mitchell v. Baylor Univ. Med. Ctr.*, 109 S.W.3d 838, 844 (Tex. App.—Dallas 2003, no pet.); *Dillard v. NCNB Tex. Nat'l Bank*, 815 S.W.2d 356, 358 (Tex. App.—Austin 1991, no writ), *disapproved on other grounds by Amberboy v. Societe de Banque Privee*, 831 S.W.2d 793, 797 (Tex. 1992); *Attorney Gen. of*

motion for summary judgment on file when the trial court called the case to trial. But unlike the cases Psalm cites, at the beginning of the trial of the case at issue here Psalm's attorney offered to provide the trial court with evidence that he claimed would show the trial court the jury would have a genuine issue of material fact to decide on Psalm's claim that Cour signed the $12,000 note in a dual capacity, both individually and as the president of 183 Ranch, meaning the trial would not be a waste of the jury's time. And unlike the cases Psalm cites in its brief, the trial court allowed Psalm to call witnesses and present evidence in a bench proceeding to establish that Cour signed the note in a dual capacity, both individually and as president of 183 Ranch.

When Psalm failed to demonstrate that Cour signed the note as president of 183 Ranch, the trial court did not simply dismiss Psalm's case *sua sponte* as Psalm claims in its appeal; instead, the trial court adjudicated Psalm's case on the merits after construing the note, which the trial court found unambiguous as a matter of law. So, the trial court adjudicated the merits of Psalm's claims following a trial to the bench, meaning Psalm had its day in court. Its case was not simply dismissed *sua sponte*, as Psalm argues in its appeal.

---

*Tex. v. Rideaux*, 838 S.W.2d 340, 341 (Tex. App.—Houston [1st Dist.] 1992, no writ).

And there's more. The record shows that Psalm participated in the bench trial without objection, meaning it never advised the trial court that it wanted to stand on its jury demand. Instead, Psalm's attorney invited the trial court to hear Psalm's evidence, thereby allowing the trial court to determine if a genuine issue of material fact existed on whether Cour signed the promissory note in a dual capacity, both as president of 183 Ranch and individually as Cour. But Psalm then failed to make that showing.

Rule 33.1 requires parties to preserve complaints so they can be later appealed through timely and proper objections in the trial court to allow the trial court to know what the appellant objects to and why the party who is lodging the objection believes it is entitled to the ruling that it seeks.[6] Psalm did not object to proceeding on its claim to the bench; instead, it invited the very error it now complains about here. But "a party cannot complain on appeal that a trial court took a specific action that the complaining party requested, a doctrine commonly referred to as 'the invited error' doctrine."[7] For all these reasons, Psalm's issue one is overruled.

*Issue Two*

In issue two, Psalm argues the evidence it presented to the trial court demonstrates that it is entitled to recover against both Cour and 183 Ranch because

---

[6]Tex. R. App. P. 33.1.
[7]*Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005).

the evidence shows a fact issue exists regarding whether Cour signed the note in a representative capacity as the president of 183 Ranch. Since notes are nothing more than contracts that evidence obligations to pay money, we interpret them under the same rules used to interpret contracts.[8] "Whether a contract is ambiguous is itself a legal question for the court."[9] On appeal, the construction of a contract is a question of law that we review using a de novo standard.[10] "When construing a contract, the court's primary concern is to give effect to the written expression of the parties intent."[11] "Words must be construed in the context in which they are used, but courts cannot interpret a contract to ignore clearly defined terms."[12]

To resolve Psalm's second issue, we must answer two questions: (1) is the contract ambiguous; and (2) are there two obligors under the contract or instead, just one? The four corners of the promissory note identify the "Borrower" as "Michael Cour," the definition of borrower does not identify the borrow as a joint borrower composed of Cour and 183 Ranch. Likewise, the signature block in the note identifies one borrower, Cour. The note is signed by one borrower, Cour. Cour did

---

[8]*In the Estate of Costello*, 2008 Tex. App. LEXIS 8873, at *12 (Tex. App.—Beaumont, no pet.); *EMC Mortg. Corp. v. Davis*, 167 S.W.3d 406, 413 (Tex. App.—Austin 2005, pet. denied).
[9]*Id.*
[10]*Sundown Energy LP v. HJSA No. 3, Ltd., P'ship*, 622 S.W.3d 884, 888 (Tex. 2021).
[11]*Id.* (cleaned up).
[12]*Id.* (cleaned up).

not sign the signature line in any way indicating he signed it as the president or as an officer of 183 Ranch.

To be clear, what Psalm seeks (even though it never expressly said so) is the reformation of the note so that both Cour and 183 Ranch are jointly liable to Psalm for the principal and interest due on the note. While it's possible that's what Wells intended, he never testified to those facts in the trial. And he also never testified that he discussed that part of the proposal with Cour. In addition to that, Psalm's pleadings, including its amended pleading claiming the note is ambiguous, never asserts the note should be reformed based on any claim of unilateral or mutual mistake.

Here, Psalm drafted the note. The note, in clear and unambiguous terms, states that it cannot be modified unless the modification is in writing and "by written agreement signed by both parties." No written agreement was introduced at trial making 183 Ranch a party to the note.

To hold the definition of "borrower" now includes 183 Ranch would require that this Court insert language in the note when it is simply not there. By exercising this Court's judicial power, we will not insert language into a written agreement

when the language is not in the unambiguous written agreement the parties made.[13]

Issue two is overruled.

*Issue Three*

In issue three, which is premised on Cour's claim the note is ambiguous, Psalm contends it was entitled to present evidence about the words and circumstances leading to the note's formation to aid the trial court in its interpretation of the note. Yet the promissory note and the note's amendment (documents Wells drafted for Psalm) names only one borrower, and the note defines that borrower as "Michael Cour." As explained in issue two, by naming Cour as the borrower, Psalm made unambiguously clear who the debtor was under the terms of its note.

In Texas, it is well-settled that "[t]he parol evidence rule bars consideration of evidence that contradicts, varies, or adds to the terms of an unambiguous written agreement."[14] Add to that, the record of the proceeding in the trial court fails to show that the trial court sustained any objections to any evidence Psalm wanted to introduce at trial. Issue three is overruled.

---

[13]*Fortis Benefits v. Cantu*, 234 S.W.3d 642, 649 n.41 (Tex. 2007).
[14]*Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 483 (Tex. 2019).

Conclusion

Having overruled each of Psalm's errors, the trial court's judgment is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on September 1, 2021
Opinion Delivered March 10, 2022

Before Golemon, C.J., Horton and Johnson, JJ.